STATE EX REL. PRELLWITZ, Plaintiff in error, v. SCHMIDT, Defendant in error.

*No. 75–38–CR. Argued May 4, 1976.—*
*Decided June 2, 1976.*
(Also reported in 242 N. W. 2d 227.)

36

For the plaintiff in error there were briefs by *Howard B. Eisenberg,* state public defender and *Robert J. Paul,* assistant state public defender, and oral argument by *Robert J. Paul.*

For the defendant in error the cause was argued by *Charles D. Hoornstra,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

ROBERT W. HANSEN, J. The primary challenge is to the sufficiency of the evidence to support the revocation of probation by the department of health and social services. ██ ██ The evidence at the departmental hearing on revocation consisted primarily of facts contained in the department's files and records, establishing that the defendant had made no contact with the department over

a five-year period and had made no restitution during that five-year period. Objection was made by the defendant to the admissibility of such department records at such probation revocation hearing. Our court has ruled that department records are admissible at a probation revocation hearing.[1] We reaffirm that holding. Such records come within the statutory definition of "public records" in this state.[2] There is no constitutional barrier to their admission at a probation revocation hearing.[3]

---

[1] *State v. Garner* (1972), 54 Wis. 2d 100, 107, 194 N. W. 2d 649, involving revocation of probation, where defendant had been found guilty, sentence withheld and defendant placed on probation, this court holding: "The last contention of Garner is that the records of the Milwaukee Welfare Department were not properly received in evidence. The welfare department records are public documents and therefore qualified under the Official Records Act (sec. 889.18, Stats.). *See:* McCormick, *Evidence* (hornbook series), p. 614, sec. 291."

[2] Sec. 908.03 (8), Stats., provides: "(8) PUBLIC RECORDS AND REPORTS. Records, reports, statements, or data compilations, in any form, or public offices or agencies, setting forth (a) the activities of the office or agency, or (b) matters observed pursuant to duty imposed by law, or (c) in civil cases and against the state in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." (Emphasis supplied.) As to limitation underlined, it is not here applicable, our court having held: ". . . [R]evocation of probation and parole proceedings are not a part of a criminal prosecution." *State ex rel. Hanson v. H&SS Dept.* (1974), 64 Wis. 2d 367, 379, 219 N. W. 2d 267, our court there also holding: "A certiorari proceeding in the committing court to review a revocation of parole or probation is not a criminal proceeding within the meaning of Title XLVII, *Criminal Procedure." See also:* Sec. 911.01 (4) (c), Stats., providing: "(4) RULES OF EVIDENCE INAPPLICABLE. Chapters 901 to 911 (other than ch. 905 with respect to privileges) do not apply in the following situations: . . . (c) *Miscellaneous proceedings.* Proceedings for . . . granting or revoking probation. . . ."

[3] *See: Morrissey v. Brewer* (1972), 408 U. S. 471, 489, 92 Sup. Ct. 2593, 33 L. Ed. 2d 484, the high court holding: ". . . [T]he process should be flexible enough to consider evidence including

Such departmental records, properly identified,[4] may be used by the department or defendant at a probation revocation hearing.

■ Here the official records of the department adequately established that this defendant had (1) violated a condition of his probation by not reporting his whereabouts and activities for a five-year period of time; and (2) violated a specific, court-ordered condition of his probation by failing to make any payments for restitution for the five-year period of time. As to the first condition violated, the defendant, while he did not take the stand at the revocation hearing, claims that his original probation officer, an agent no longer with the department, told him that there was no reason for him to report any more. The requirement of reporting whereabouts and activities was contained in the signed agreement of the defendant with the department.[5] Even if there were no

letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *See also: Gagnon v. Scarpelli* (1973), 411 U. S. 778, 783, 93 Sup. Ct. 1756, 36 L. Ed. 2d 656, ". . . [W]e did not in *Morrissey* intend to prohibit use where appropriate of the conventional substitutes for live testimony, including affidavits, depositions, and documentary evidence." *See also: State ex rel. Johnson v. Cady* (1971), 50 Wis. 2d 540, 549, 185 N. W. 2d 306, this court holding: "We are of the opinion that the hearing need not be a formal trial-type hearing and that technical rules of evidence need not be observed."

[4] *See: State v. Garner, supra,* footnote 1, at page 107, this court holding: "While under the official-records exception to the hearsay rule custodianship is important, the person who makes the official entries and the official custodian need not be called to prove the authenticity of the records. Any competent witness may provide the required identification of official records as defined in sec. 889.18, 32 C. J. S., *Evidence,* p. 839, sec. 643; 30 Am. Jur. 2d, *Evidence,* p. 125, sec. 996."

[5] As to the signature on the agreement being that of the defendant, the statutory presumption is that the signature on the agreement is his. *See:* Sec. 891.25, Stats.

such agreement, it was a court-imposed condition of probation supervision. The statement of the supervising officer, if established by the defendant to have been made, would support seeking modification of the conditions of his probation. It does not excuse nor justify either his failing to account to the department his whereabouts or activities for a five-year period or failing to make payments for restitution during such five-year period. Breach of these conditions of his probation was established by the evidence at the departmental hearing, and the standard on judicial review is "whether the department acted arbitrarily and capriciously in ordering revocation."[6] Violation of conditions of probation being established, the department was warranted in revoking the defendant's probation.[7]

In addition to challenging the department's revocation of his probation, the defendant challenges also the sentence imposed by the trial court after affirming the revocation of probation by the department. That sentence was a two-year sentence, with sentence stayed and defendant placed back on probation for two years. An additional condition of probation was that the defendant spend the first 120 days during nonworking

[6] *See: State ex rel. Johnson v. Cady,* supra, footnote 3, at page 565, this court, per curiam (on motion for rehearing) holding: "We do not here attempt to spell out in detail the specific procedural characteristics of the revocation hearings to be held by the department. The type of hearing we refer to is a factual hearing relating to the grounds of revocation so that, on review, it can be determined whether the department acted arbitrarily and capriciously in ordering revocation."

[7] *State ex rel. Plotkin v. H&SS Department* (1974), 63 Wis. 2d 535, 544, 217 N. W. 2d 641, where this court approved and adopted the American Bar Association *Standards Relating to Probation,* sec. 5.1, *Grounds for and alternatives to probation revocation,* which states in relevant part: "'(a) Violation of a condition [of probation] is both a necessary and a sufficient ground for the revocation of probation.'"

hours in the county jail, and that the probation be stayed until he was released from the Mendota mental health clinic following treatment for alcoholism. Defendant's reliance is upon the rule that imprisonment should not follow revocation of probation unless (1) necessary to protect the public;[8] *or* (2) needed for correctional treatment;[9] *or* (3) required to avoid undue depreciating of the seriousness of the violation.[10] Court findings as to the existence of any one of these alternative situations requiring imprisonment are to be made " '. . . on the basis of the original offense and the intervening conduct of the offender.' "[11] In the case before us, the sentence imposed by the court does not come within the "revocation followed by imprisonment" rule. The sentence imposed was stayed with the defendant placed back on probation, with the nonworking hours to be spent in county jail a condition of such probation.[12] On this record, taking into consideration both the nature of the orig-

[8] *Id.* at page 544, giving as one justification for imprisonment following revocation of probation, that: " '(i) confinement is necessary to protect the public from further criminal activity by the offender.' "

[9] *Id.* at page 544, giving as a second or alternative justification for imprisonment following revocation, that: " '(ii) the offender is in need of correctional treatment which can most effectively be provided if he is confined.' "

[10] *Id.* at page 544, giving as the third and alternative justification for imprisonment following revocation, that: " '(iii) it would unduly depreciate the seriousness of the violation if probation were not revoked.' "

[11] *Id.* at page 544.

[12] *See: Prue v. State* (1974), 63 Wis. 2d 109, 114, 216 N. W. 2d 43, this court distinguishing between a sentence of imprisonment and nonworking hour confinement as a condition of probation, stating: "Those receiving Huber Law privileges are serving a sentence. Probation is an alternative to a sentence; and the fact that a condition of confinement in the county jail is similar to the confinement of a sentence under the Huber Law does not make a probation a sentence."

inal offense, to wit, theft of $2,000 and the intervening conduct of the defendant, to wit, five years without reporting his whereabouts or making any payments for restitution, we would uphold the trial court sentence as reasonable under any one of the three reasons stated in the rule. Actually, on this record, the imposition of a prison sentence without stay of sentence, following the revocation, would not have been an abuse of judicial discretion. Given a five-year failure to account for his whereabouts and a five-year failure to make payments on restitution, it would have been warranted as required to avoid depreciating the seriousness of the probation violation established.

On this record, this defendant has no basis for complaint as to either (1) the revocation of his probation by the state department; or (2) the sentence imposed following revocation by the trial court.

*By the Court.*—Order affirmed.