Norman **PRELLWITZ,**
Petitioner-Appellant,

v.

**Loyal J. BERG and James Mathews,**
Respondents-Appellees.

No. 77–1652.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 9, 1978.
Decided June 26, 1978.

John M. Schmolesky, Asst. Atty. Gen., Madison, Wis., for respondents-appellees.

Before CASTLE, Senior Circuit Judge, WOOD, Circuit Judge and EAST, Senior District Judge.*

CASTLE, Senior Circuit Judge.

This appeal is from the denial of a petition for a writ of habeas corpus by a state prisoner. Petitioner was placed on probation for three years for a theft conviction in 1967. After one year of reporting to the Wisconsin Department of Health and Social Services, petitioner did not contact the Department for over five years. In early 1974, petitioner was detained by Madison police for a traffic violation and was then taken into custody when it was determined that there was a hold order outstanding for probation violations. After a hearing, the Department revoked petitioner's probation and returned him to the original trial judge who had initially deferred sentencing. Petitioner sought review of the probation revocation in the Wisconsin Supreme Court which upheld the propriety of the revocation hearing. *State ex rel. Prellwitz v. Schmidt*, 73 Wis.2d 35, 242 N.W.2d 227 (1976). The district court adopted the opinion of the Wisconsin Supreme Court. We affirm.

I.

Petitioner's main argument is that his due process rights were violated at the revocation hearing by the introduction of hearsay in the form of Department records which documented unsuccessful attempts of petitioner's original probation officer to locate petitioner when he failed to report in 1968. In support of this argument, petitioner cites *Mempa v. Rhay*, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), for the proposition that all nonsentenced probationers are entitled to a full due process hearing and thus admission of hearsay at a deferred

Edward M. Kaufman, Post-Conviction Defense Project, Madison, Wis., for petitioner-appellant.

* Honorable William G. East, Senior District Judge of the District of Oregon, is sitting by designation.

sentence revocation proceeding violates the confrontation clause of the sixth amendment.

■ We decline to follow this overbroad reading of *Mempa.* Rather, we agree with later courts which have interpreted that case as dealing particularly with rights at sentencing rather than generally with the rights of those who have not yet been sentenced. *Gagnon v. Scarpelli,* 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *United States v. Segal,* 549 F.2d 1293, 1297–98 (9th Cir.), *cert. denied,* 431 U.S. 919, 97 S.Ct. 2187, 53 L.Ed.2d 231 (1977). Here, petitioner's probation was revoked after an administrative hearing and his sentence was imposed separately at a later judicial hearing. Moreover, even if *Mempa* were applicable to revocation hearings held prior to but separate from sentencing hearings, that case would only guarantee counsel at the revocation proceeding. *See United States v. Segal, supra* at 1298. Here, petitioner was represented by a public defender at both the revocation and the sentencing hearings. The argument that a probation revocation hearing requires the same due process procedures as are accorded at sentencing also does not help the petitioner. At sentencing courts are permitted to consider hearsay and other evidence not admissible at a criminal trial. *Williams v. New York,* 337 U.S. 241, 245, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949). Thus, the authority cited does not support the degree of constitutional regulation of evidence at probation revocations argued for by petitioner.

■ However, even though probation revocation hearings are not subject to the full constitutional standards of a criminal trial, the Supreme Court has recognized that certain due process rights must be accorded defendants at probation and parole revocation proceedings. *Gagnon v. Scarpelli, supra; Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). One of these rights is "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." *Id.* at 489, 92 S.Ct. at 2604; *Gagnon v. Scarpelli, supra,* 411 U.S. at 786, 93 S.Ct. 1756. Petitioner argues that his due process right to confront and cross-examine adverse witnesses at the revocation hearing was violated when the hearing officer allowed the use of the hearsay report without a showing of good cause for not producing the original probation officer who made the crucial entries.[1]

■ Forcing the state to show good cause for not producing the hearsay declarant would unwisely extend the limited due process rights of a probationer at the revocation hearing. While we agree that the *Gagnon-Morrissey* right to confront and cross-examine witnesses imposes some limitations on the type of evidence that can be introduced at hearings to revoke probation, the Supreme Court has repeatedly emphasized the informal nature of those proceedings. *Gagnon v. Scarpelli, supra* at 789, 93 S.Ct. 1756; *Morrissey v. Brewer, supra,* 408 U.S. at 484, 92 S.Ct. 2593. Thus, in parole and probation revocation hearings,

> the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.

*Id.* at 489, 92 S.Ct. at 2604. The report here was one of the "conventional substitutes for live testimony" which the Court has recognized to be permissible in probation revocation proceedings. *Gagnon v. Scarpelli, supra,* 411 U.S. at 783 n. 5, 93 S.Ct. 1756. As a record kept in the ordinary course of business by the Department, the report bore "recognized indicia of reliability." *United States v. Smith,* 571 F.2d 370, 374 n. 4 (7th Cir. 1978). Similarly, in *United States v. Miller,* 514 F.2d 41, 42–43 (9th Cir. 1975), the court held that an official could testify at a probation revocation hearing when his knowledge of the facts was obtained solely from state probation reports

---

1. Petitioner was allowed to fully cross-examine the State's single live witness and to call his own witnesses.

and state court criminal records. Moreover, the report here was on the record and was disclosed to petitioner who had the opportunity at the hearing to meet the allegations contained therein. *See United States ex rel. Sims v. Sielaff*, 563 F.2d 821, 823 n. 4 (7th Cir. 1977); *United States ex rel. Carson v. Taylor*, 540 F.2d 1156, 1161–63 (2d Cir. 1976). Therefore, we find that the admission of the report and testimony based thereon in petitioner's probation revocation hearing was in accord with the confrontation/cross-examination right of *Gagnon* and *Morrissey*.

## II.

▮ Petitioner also claims that he was not given proper "written notice of the claimed violations" of probation as required by *Morrissey v. Brewer, supra*, 408 U.S. at 489, 92 S.Ct. at 2604. He argues that his failure to make restitution, which was also a condition of probation, was considered by the hearing officer but petitioner was only notified that he was charged with absconding. While the failure of petitioner to make restitution was mentioned at the revocation hearing, the sole reason given in the June 17, 1974 Department order revoking probation was that petitioner had absconded from supervision; the precise charge stated in the notification of the revocation hearing. (I.—1; Respondent's Replacement Exhibit C). Thus, *Kloner v. United States*, 535 F.2d 730, 735 (2d Cir.), *cert. denied*, 429 U.S. 942, 97 S.Ct. 361, 50 L.Ed.2d 312 (1976), is distinguishable.[2] In any event, the notification was likely broad enough to put petitioner on notice that he was charged with violating all of the terms of his probation since it charged him with completely absconding from supervision; a condition of

which was the payment of restitution. Indeed, petitioner neither claimed that he was unfairly surprised nor requested additional time to prepare a defense. Therefore, we find that the *Gagnon-Morrissey* notice requirement was satisfied in this case.

## III.

▮ Petitioner's final argument is that the decision to revoke his probation was based solely upon proof of the conditions of probation being violated and that the Department did not exercise discretion in determining whether the violation warranted revocation. *See Morrissey v. Brewer, supra*, 408 U.S. at 480, 490, 92 S.Ct. 2593. Our standard of review of this question is clear: we will not overturn the actions of the probation agency "unless it has acted arbitrarily or capriciously or unless as a matter of law there has been no violation" of probation. *Caton v. Smith*, 486 F.2d 733, 735 (7th Cir. 1973). Here, the hearing officer considered testimony regarding petitioner's ability to function outside confinement and his potential for absconding from supervision in the future. (I.—19–20). On this record, we cannot find the decision to revoke petitioner's probation to be arbitrary or capricious.[3]

For the reasons stated above, the order of the district court denying the petition for a writ of habeas corpus is affirmed.

AFFIRMED.

---

**2.** In *Kloner*, while the parole board expressly based its revocation decision on two completely separate violations, the parolee was notified only of the first.

**3.** Given our disposition of this case, we need not discuss petitioner's claim that conflicting language in the Wisconsin Supreme Court opinion may have eliminated the need for the probation department to exercise discretion in revoking probation once there has been a violation of the conditions of supervision. *See State*

*ex rel. Prellwitz v. Schmidt, supra*, 73 Wis.2d at 41, 242 N.W.2d at 229–30. We note, however, that language in *Morrissey v. Brewer, supra*, 408 U.S. at 490, 92 S.Ct. 2593, and in *Caton v. Smith, supra* at 735, indicates that the due process clause may require more than just proving a breach of a condition of supervision to justify revoking probation; a subjective determination of whether the violation warrants revocation is also contemplated.