STATE EX REL. HENSCHEL, Petitioner-Appellant, v. DEPARTMENT OF HEALTH & SOCIAL SERVICES, Respondent.

Court of Appeals

*No. 78–222. Submitted on briefs April 11, 1979.—*
*Decided May 11, 1979.*
(Also reported in 282 N.W.2d 618.)

For the appellant the cause was submitted on the briefs of *Richard L. Cates,* State Public Defender, and *Melvin F. Greenberg,* Assistant State Public Defender.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* Attorney General, and *Pamela Magee-Heilprin,* Assistant Attorney General.

Before Decker, C. J., Cannon, P. J., and Moser, J.

CANNON, P. J.   The petitioner-appellant, Ernest Edward Henschel, was convicted of armed robbery on January 27, 1970, and sentenced to 25 years in prison. He was released on parole on April 30, 1973. On January 16, 1978, after an administrative revocation hearing, Henschel's parole was revoked. The Milwaukee county circuit court issued a writ of certiorari to review the parole revocation on April 11, 1978, but the court affirmed the revocation by a judgment entered July 11, 1978. Henschel appeals from that judgment, citing errors in the revocation procedure utilized by the Department of Health and Social Services (DHSS), and in the admission of certain hearsay testimony at the revocation hearing.

## PRELIMINARY EXAMINATION

On May 26, 1977, Henschel was arrested and charged with first-degree murder. On June 1, 1977, he was served with a notice of parole violation, which alleged that Henschel violated his parole by possessing marijuana, a .22 caliber pistol, a .38 caliber pistol, and a .12 gauge shotgun. On July 15, 1977, Henschel's attorney requested that a preliminary examination on the revocation notice be postponed until a psychiatric examination could be held. This request was granted; the preliminary ex-

amination was never held. On December 4, 1977, Henschel was convicted of first-degree murder.

On January 10, 1978, an amended parole violation warrant was issued, essentially repeating the allegations of the June 1, 1977, notice, but further alleging that Henschel was convicted of first-degree murder on December 4, 1977. The parole revocation hearing on these charges was held January 19, 1978, resulting in Henschel's parole being revoked.

Henschel contends this procedure was erroneous, because it did not afford him a preliminary examination on the parole revocation charges. In *State ex rel. Flowers v. H&SS Dept.*, 81 Wis.2d 376, 391, 260 N.W.2d 727 (1978), the supreme court discussed at length the nature and necessity of a preliminary hearing regarding parole revocation charges:

> The initial revocation proceedings serve two functions. First they provide assurance that there is reasonable justification for the deprivation involved in detaining the parolee for a final revocation hearing, and in returning him to the state from which he was paroled in the event his apprehension occurs outside the state. In addition, the requirement for notice and a prompt hearing in the vicinity of the arrest or alleged violation permits the parolee to prepare a defense and to put it on record before memories have dimmed and before he is removed to a distant state.

In this case, the defendant had been arrested on May 26, 1977, and charged with murder. Thus, he was already detained in jail on that charge. Secondly, it was the defendant, through his attorney, who requested that the preliminary examination be postponed until after the defendant's competency had been determined. The defendant's attorney states on the record that this competency hearing resulted in the trial judge ordering the defendant to "Central State for observation." Although a preliminary examination is required in certain cases,

one was not required under the circumstances existing here. There is no evidence whatsoever in the record indicating any prejudice to the defendant from the lack of a preliminary hearing. Also, the defendant's lawyer, on behalf of the defendant, was the party requesting the postponement of the original preliminary until the defendant's competency could be determined. The defendant was then sent to Central State for apparent psychiatric testing. From the record, it appears that DHSS's conduct at all times during these proceedings was proper. The defendant's motion on this issue was properly denied.

## HEARSAY ISSUE

■

However, the defendant is correct that insufficient evidence was introduced at the parole revocation hearing to support a revocation based on counts 3 and 4.[1] The only information sustaining counts 3 and 4 was based on hearsay testimony. Although evidentiary rules may be relaxed somewhat at a revocation hearing, *State ex rel. Prellwitz v. Schmidt,* 73 Wis.2d 35, 39, 242 N.W.2d 227 (1976), they cannot be relaxed to the point where a parole violation may be proved entirely by unsubstantiated hearsay testimony.[2] Therefore, we order the revocation of defendant's parole on grounds 3 and 4 to be vacated.

*By the Court.*—Affirmed in part, reversed in part.

[1] Count 3 alleged the defendant possessed a .38 caliber revolver and ammunition; count 4 alleged the defendant possessed a .12 gauge, double-barrel shotgun.

[2] During the revocation proceedings, the hearing examiner stated he would not base any of his findings on hearsay testimony. Accordingly, his findings urging revocation of the defendant's parole did not mention counts 3 and 4. Unaccountably however, counts 3 and 4 were included in the parole revocation and warrant signed by the hearing examiner. We do not know the reason for this apparent conflict. In any case, our resolution of the hearing issue renders this conflict moot.