Judgment reversed and cause remanded with directions.

121 Wis.2d 177

**STATE of Wisconsin,**
**Plaintiff-Respondent,**

v.

**Larry D. RAMEY,**
**Defendant-Appellant.**

**No. 83–2215.**

Court of Appeals of Wisconsin.

Submitted Aug. 17, 1984.

Opinion Released Oct. 3, 1984.

Opinion Filed Oct. 3, 1984.

---

8. Good faith is also an ingredient, the lack of which subjects the merchant to suit. In the context of sec. 943.50(3), Stats., however, good faith is an element concerned only with three events: (1) the detained person must be promptly informed of the purpose of the detention; (2) he or she must be permitted to make phone calls, and (3) he or she may not be interrogated or searched against his or her will before arrival of a peace officer. If there is a claim that one of these three acts was not done, the merchant is still immune if the action that was taken was done in good faith that the statute was being complied with.

Charles Bennett Vetzner, Chief, Appellate Div., State Public Defender, for defendant-appellant.

Bronson C. La Follette, Atty. Gen., and Jerome S. Schmidt, Asst. Atty. Gen., for plaintiff-respondent.

Before SCOTT, C.J., BROWN, P.J., and NETTESHEIM, J.

BROWN, Presiding Judge.

Larry D. Ramey appeals from the circuit court's order denying his petition for a writ of certiorari challenging his probation revocation. Two issues are presented. First, Ramey challenges the trial court's determination that the results of a polygraph examination are inadmissible as evidence in a revocation proceeding. We agree with the trial court that these results are inadmissible. Second, Ramey seeks an evidentiary hearing to determine whether he was denied effective assistance of counsel during the revocation hearing. In a review of a writ of certiorari, as this case is, the scope of review is limited to reviewing the actions of the administrative body only. The effectiveness of defense counsel during the hearing is not a proper subject for review of an administrative action. We therefore affirm.

Revocation proceedings were initiated against Ramey on the ground that he was in possession of hashish while in the Sheboygan county jail. At the final revocation hearing, the examiner did not allow Ramey to introduce the results of a polygraph examination. The examiner determined that polygraph examination results are inadmissible in light of the Wisconsin supreme court's decision in *State v. Dean*, 103 Wis.2d 228, 307 N.W.2d 628 (1981). At the conclusion of the hearing, the examiner recommended revocation. This decision was upheld by the Department of Health and Social Services, and Ramey's probation was revoked. Ramey then filed a petition for writ of certiorari challenging the revocation. The trial court denied the writ of certiorari, and Ramey appeals.

Ramey first asserts that *State v. Dean* cannot be read to preclude the admission of polygraph examinations. This is in spite of the fact that the court in *Dean* specifically stated:

For the reasons we have set forth, we hold that hereafter it is error for a trial court to admit polygraph evidence in a criminal proceeding unless a *Stanislawski* stipulation was executed on or before September 1, 1981.

*Id.* at 279, 307 N.W.2d at 653; *see also State v. Lukasik*, 115 Wis.2d 134, 143, 340 N.W.2d 62, 66 (Ct.App.1983). It would seem, from this statement, that polygraph examinations are no longer admissible in criminal proceedings, period.

Yet, Ramey points to certain dicta in *Dean* which he interprets as leading to a different result. He notes that the *Dean* court did not examine or assess the legal standard for the admissibility of scientific evidence in general nor did the court comment on the scientific merit of polygraphic theory. Ramey seizes upon the following statement:

> Several jurisdictions which do not admit polygraph evidence view the polygraph as lacking scientific reliability. *On the basis of the record before us the court is not now prepared to say that the polygraph test results are acceptable expert scientific evidence which should be subject to the same rules of evidence as other expert scientific evidence or that polygraph evidence is so unreliable that it cannot be admitted under any circumstances.* [Emphasis added.]

*Dean*, 103 Wis.2d at 265, 307 N.W.2d at 646.

From this passage, Ramey concludes that the *Dean* court did not rule that polygraphs are too unreliable to be admitted. He asserts that *State v. Stanislawski*, 62 Wis.2d 730, 741–43, 216 N.W.2d 8, 13–15 (1974), which *Dean* overruled, allowed polygraph evidence if both the state and the defendant consented by stipulation to their admission. *Dean*, it is claimed, merely does away with the need for stipulations. He claims that *Dean* provides a basis to have polygraph evidence admitted, without a stipulation, if it can be shown that such evidence meets sufficient tests of reliability.

█ We do not share Ramey's hypothesis. The passage quoted by Ramey simply informs the reader that while several jurisdictions have accepted or rejected the admission of polygraph evidence based on the *Frye* standard,[1] i.e., whether "general scientific acceptance" merits admissibility of scientific evidence, our supreme court was declining to use that standard.[2] Instead, the court acknowledged that the polygraph may indeed be reliable in some circumstances but that its probative value is so outweighed by public policy considerations that outright exclusion is mandated, at least in criminal proceedings. One of these considerations, of apparent great concern to the court, is the lack of guidance in the present case law such that trial courts can accurately determine "whether the expert witness is qualified, whether the defendant is a suitable subject, whether the methods used in conducting and interpreting the test are valid, or whether the evidence should be limited to certain types of cases, such as non-jury cases, perjury cases, and so forth." *Dean*, 103 Wis.2d at 272, 307 N.W.2d at 650. It is clear that the *Dean* court explicitly steered away from an outright discussion of the polygraph's reliability and instead ruled that public policy considerations overcame any reliability the polygraph might have, even in the most optimum of circumstances. The defendant's interpretation of *Dean* is simply wrong, and *Dean* stands for a blanket ex-

---

1. *Frye v. United States*, 293 Fed. 1013 (D.C.Cir. 1923).

2. Not only did the court refuse to engage in a *Frye* discussion during its analysis in *Dean*, it later explicitly rejected *Frye* as a means of determining the admissibility of scientific evidence in trials. *State v. Walstad*, 119 Wis.2d 483, 351 N.W.2d 469 (1984). From *Walstad*, we discern that even if evidence is not generally accepted by the scientific community, it may be admissible in the trial court's discretion, if it will aid the trier of fact. Conversely, even if evidence is reliable, it may not be admissible if it is too difficult for trial courts to accurately assess and interpret the scientific test.

clusion of polygraph evidence in criminal proceedings on public policy grounds.[3]

■ Ramey next claims that even if *Dean* does preclude all polygraph evidence, *Dean* is inapplicable to revocation hearings[4] as the evidentiary rules are much more relaxed at these hearings than in a criminal trial. *See State ex rel. Henschel v. Department of Health & Social Services*, 91 Wis.2d 268, 271, 282 N.W.2d 618, 619 (Ct.App.1979).

■ Again, we do not agree. In *Stanislawski*, the supreme court withdrew its unconditional rejection of polygraph evidence, and polygraph evidence became admissible subject to certain specific conditions. *Stanislawski*, 62 Wis.2d at 741–43, 216 N.W.2d at 13–15. In *State ex rel. Harris v. Schmidt*, 69 Wis.2d 668, 681–83, 230 N.W.2d 890, 897–98 (1975), the court concluded that the *Stanislawski* rule was equally applicable to the use of polygraph evidence in probation revocation hearings.

Because *Stanislawski* was applied to probation revocation hearings, we have no trouble in deciding that *Dean* also applies to probation revocation hearings. The *Harris* court favored consistency in the admissibility of polygraph evidence when *Stanislawski* was the rule, and we conclude that *Dean* also deserves consistent application.

■ We turn now to Ramey's final argument on appeal—that certain omissions on the part of his counsel may have deprived him of his right to effective assistance of counsel. We hold that the trial court was without jurisdiction to address this claim.

As succinctly stated by the Wisconsin supreme court in *Coleman v. Percy*, 96 Wis.2d 578, 588, 292 N.W.2d 615, 621 (1980), the scope of review on certiorari is strictly limited to determining:

"(1) Whether the board kept within its jurisdiction; (2) whether it acted accord-ing to law; (3) whether its action was arbitrary, oppressive or unreasonable and represented its will and not its judgment; and (4) whether the evidence was such that it might reasonably make the order or determination in question." *State v. Goulette, supra* [65 Wis.2d 207] at 215 [222 N.W.2d 622 (1974)]; *see, also, Snajder v. State*, 74 Wis.2d 303, 310, 246 N.W.2d 665 (1976); *Van Ermen v. H. & S.S. Dept.*, 84 Wis.2d 57, 63, 267 N.W.2d 17 (1978).

■ Obviously, an allegation that counsel was ineffective does not come under any of the above. This is not to say that Ramey is totally precluded from raising a claim of ineffective assistance of counsel; it is only to say that a writ of certiorari is not the appropriate remedy. If Ramey feels he is restrained of his personal liberty illegally, he may apply for a writ of habeas corpus.[5] *See State ex rel. LeFebre v. Abrahamson*, 103 Wis.2d 197, 307 N.W.2d 186 (1981); ch. 782, Stats.

Order affirmed.

---

**3.** Ramey also argues that the *Dean* decision, if interpreted to preclude the admission of polygraph evidence, is invalid and requires reappraisal. We have no authority to supersede the Wisconsin supreme court and independently assess the admissibility of polygraph test results. *See State v. Repp*, 117 Wis.2d 143, 151, 342 N.W.2d 771, 775 (Ct.App.1983).

**4.** Proceedings to revoke probation are not criminal proceedings. *State ex rel. Lyons v. Department of Health & Social Services*, 105 Wis.2d 146, 149, 312 N.W.2d 868, 870 (Ct.App.1981).

**5.** Because this issue is decided on procedural grounds, we decline to comment on the merits of Ramey's claim.