UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 00-4540

VICTOR PERKINS,
          *Defendant-Appellant.*


UNITED STATES OF AMERICA,
          *Petitioner-Appellee,*

v.                                              No. 00-7003

VICTOR PERKINS,
          *Respondent-Appellant.*


Appeals from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-92-654, CA-92-654-5-BR)

Submitted: March 30, 2001

Decided: April 27, 2001

Before NIEMEYER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

No. 00-4540 vacated and remanded and No. 00-7003 affirmed by
unpublished per curiam opinion.

## COUNSEL

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Michael D. Bredenberg, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In December 1999, Victor Perkins was conditionally released pursuant to 18 U.S.C.A. § 4246(e) (West 2000). Based on the representations of Perkins' probation officer, Dennis Roy, the government moved in the district court to revoke Perkins' conditional release. Prior to the scheduled hearing, Perkins filed a motion for summary judgment and a motion to expedite. The court's denial of these motions is the subject of No. 00-7003. After hearing the evidence presented, at the conclusion of the hearing, the district court, by order entered July 12, 2000, revoked Perkins' conditional release and remanded Perkins to the custody of the Attorney General for placement in a suitable facility pursuant to 18 U.S.C.A. § 4246. Perkins' appeal of this order is the subject of No. 00-4540. We find no error in the court's denial of Perkins' motion for summary judgment and the denial of his motion to expedite hearing as moot, and accordingly, we affirm the district court's order in No. 00-7003. However, for the following reasons, we vacate the revocation of Perkins' conditional release and remand for a new hearing in No. 00-4540.

According to 18 U.S.C.A. § 4246(f) (West 2000), regarding the revocation of conditional discharge, after a hearing, the district court

shall determine whether the person should be remanded to a suitable facility on the ground that, in light of his failure to comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another. Hence, a district court may revoke a conditional discharge if the following two conditions are met: (1) the person must have failed to comply with his prescribed regimen of medical, psychiatric, or psychological treatment; and (2) the court must conduct a hearing and determine whether in light of this failure the person's continued release would pose a risk to society. *United States v. Woods*, 995 F.2d 894, 896 (9th Cir. 1993). The district court's findings of fact are reviewed under the clearly erroneous standard, but the district court's interpretation of 18 U.S.C. § 4246 is reviewed de novo. *Id.*; *see also United States v. Cox*, 964 F.2d 1431, 1433 (4th Cir. 1992) (indicating similar standard in the review of the denial of unconditional release).

A revocation hearing is not a part of a criminal prosecution, and the full panoply of rights due a defendant under the Federal Rules of Evidence does not apply. *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972). Thus, hearsay testimony is admissible so long as it is reliable. Fed. R. Evid. 1101(d)(3); *United States v. McCallum*, 677 F.2d 1024, 1026 (4th Cir. 1982) (permitting demonstrably reliable hearsay). Hearsay testimony may be shown to be reliable either by extrinsic corroborating evidence or indicia of reliability showing the statement to be inherently reliable. *United States v. Huckins*, 53 F.3d 276, 279 (9th Cir. 1995). However, a court may not admit unsubstantiated or unreliable hearsay as substantive evidence at revocation hearings. *Egerstaffer v. Israel*, 726 F.2d 1231, 1235 (7th Cir. 1984).

In addition, some courts have required a process of balancing the defendant's right to confrontation against the government's reasons for denying it. *United States v. O'Meara*, 33 F.3d 20, 21 (8th Cir. 1994) (revocation of supervised release vacated where district court failed to engage in balancing test before admitting challenged hearsay evidence); *United States v. Frazier*, 26 F.3d 110, 114 (11th Cir. 1994) (finding error, albeit harmless, where district court failed to make findings as to reliability of hearsay and good cause for not producing the witness); *United States v. Martin*, 984 F.2d 308, 310-14 (9th Cir. 1993) (holding government's good cause did not outweigh Martin's

right to confrontation). Other courts have focused on the reliability of the hearsay at issue, not requiring the government to show good cause for not producing the declarant if the hearsay is reliable. *Prellwitz v. Berg*, 578 F.2d 190, 192 (7th Cir. 1978).

Here, the district court relied almost exclusively on a letter submitted by Perkins' probation officer, Dennis Roy. In the letter, Roy maintained that the director of the group home where Perkins was residing, Austin Smith, contacted Roy and reported that Perkins "left the facility without authorization." We find that the hearsay presented in the letter bore no indicia of reliability. Roy did not testify as to his assertions in the letter, nor did Smith testify regarding any house rule violated by Perkins. The only basis for the court's finding that Perkins violated the house rules is the statement itself, which was unverified by either declarant, Roy or Smith. In addition, there was no extrinsic evidence corroborating these statements. Further, the statement constituted double hearsay as Roy was stating what Smith allegedly said. Cases that have found hearsay sufficiently reliable in revocation proceedings concerned evidence that contained substantially more indicia of reliability and did not contain double hearsay. *See United States v. Pratt*, 52 F.3d 671, 675 (7th Cir. 1995) (officer's hearsay testimony of the investigation was reliable because it was corroborated by police reports, written statements of the victims, photographs, and other documents); *Egerstaffer*, 726 F.2d at 1235 (taped interview admissible, because, besides being internally consistent and detailed and having been repeated several times, it was corroborated by eyewitness testimony and defendant's admissions); *McCallum*, 677 F.2d at 1026 (letter from Salvation Army was reliable as it resembled an official report and was corroborated by defendant's testimony); *Prellwitz*, 578 F.2d at 192-93 (hearsay report from Department of Social Services reliable because kept in the ordinary course of business, a recognized hearsay exception).

Furthermore, the Government offered no reason why it could not produce the live witnesses at the hearing, thereby tipping any balancing test towards exclusion of the hearsay testimony. Based on the inherent unreliability of the hearsay statements, the lack of corroboration, the failure of the Government to make even a minimal showing of good cause, and the absence of any non-hearsay evidence, we find the unsworn, out-of-court statement in Roy's letter was insufficient to

support revocation of Perkins' conditional release. Additionally, the district court failed to make any factual findings as to how Perkins' alleged failure to comply with the rules of his conditional release would pose a risk to society, as required under 18 U.S.C.A. § 4246(f).

Based on the foregoing, we vacate the revocation of Perkins' conditional release in No. 00-4540 and remand for another hearing. We affirm the court's order in 00-7003. We further deny as moot Perkins' motion to expedite and for oral argument. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 00-4540 - *VACATED AND REMANDED*

No. 00-7003 - *AFFIRMED*