JUSTICE ALBIN, concurring.
I join the majority in concluding that the unadulterated use of hearsay denied defendant his right to a fair probation revocation hearing. I also concur in its analysis that defendant was denied the opportunity to confront the critical witness in this case. The State essentially tried defendant on a newly charged criminal offense as a violation of probation-without the burden of satisfying a higher standard of proof or complying with the Rules of Evidence. Defendant had a substantial liberty interest in a fair probation revocation hearing. Here, the trial court, which found a probation violation, sentenced defendant to a five-year prison term with a two-and-a-half year parole disqualifier on the underlying offense.
Unlike the majority, I believe that the Rules of Evidence should apply in probation revocation hearings in the absence of a good-cause showing for the relaxation of those rules. The Rules of Evidence are an instructional guide-developed over generations-for the admission of reliable and trustworthy evidence. We apply those rules in garden-variety, slip-and-fall personal injury cases in the Civil Part and in minor contractual dispute cases tried in the Special Civil Part because the reliability of the outcome **193 matters to the parties. A defendant facing a long prison term has as great an interest in the reliability of the fact-findings in a probation revocation hearing.
Procedural protections that protect the substantial liberty interests of the accused should prevail over claims of efficiency. When the stakes are at their highest, our tolerance for fact-finding errors should be at its lowest. In those circumstances, procedural safeguards, such as those embodied in the Rules of Evidence, are of the utmost importance. This Court has not hesitated to impose additional procedural safeguards-above the minimal requirements imposed by due process-when a person's freedom hangs in the balance. See, e.g., State v. Delgado, 188 N.J. 48, 63-64 & n.9, 902 A.2d 888 (2006) (requiring police to maintain written records documenting out-of-court identifications to ensure reliability of identification procedure); Pasqua v. Council, 186 N.J. 127, 146, 892 A.2d 663 (2006) (holding that, to ensure integrity of fact-finding hearing, right to *365 counsel attaches to indigent parents facing incarceration for failure to pay child support).
How our jurisprudence has addressed this subject in the past should be the beginning, not the end, of the analysis. In Gagnon v. Scarpelli, the United States Supreme Court set forth the minimal due process requirements for conducting a probation revocation hearing. 411 U.S. 778, 781-82, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The majority understandably turns to Gagnon for guidance. The Supreme Court in Gagnon, however, presumed that probation officers, not prosecutors, would present the case against a defendant on a probation violation charge, id. at 783-85, 789, 93 S.Ct. 1756, and did not find that the defendant had an absolute right to counsel at such hearings, id. at 790, 93 S.Ct. 1756. Probation violation hearings are much different today from when Gagnon was decided more than four decades ago.
I do not believe that we need a different set of evidence rules for probation violation hearings. Our judges need no instruction on the application of our Rules of Evidence. The rules adopted by the majority, although an improvement, I fear will lead to inconsistent **194 results because those rules are more pliable and unfamiliar to our judges. See Pasqua, 186 N.J. at 139-40, 892 A.2d 663.
I would apply our evidence rules to probation violation hearings, but I would make some common-sense accommodations given the nature of those proceedings. One approach is a notice and demand procedure. For example, if a non-critical witness is unavailable, the prosecutor could give notice of its intent to call a substitute witness and demand to know if the defendant intends to challenge the substitute's testimony. If there is no challenge, the issue is resolved. See State v. Wilson, 227 N.J. 534, 538-39, 553-54, 152 A.3d 930 (2017) (authorizing notice and demand procedure for admission of map in drug-free-zone case); State v. Simbara, 175 N.J. 37, 43, 811 A.2d 448 (2002) (noting statutory notice and demand procedure for admission of laboratory reports in drug cases). In many cases, a probation officer's records will satisfy the business records exception to the hearsay rule in the event the officer is unavailable. See State v. Reyes, 207 N.J. Super. 126, 138-39, 504 A.2d 43 (App. Div. 1986) (noting that probation reports may be admissible as business reports (citing Prellwitz v. Berg, 578 F.2d 190, 192-93 (7th Cir. 1978) ) ). In other instances, on a showing of good cause by the State, I would allow the relaxation of the Rules of Evidence "to admit relevant and trustworthy evidence in the interest of justice." See N.J.R.E. 101(a)(2).
In short, the default position should be the application of the Rules of Evidence. If the State seeks relaxation of the evidence rules for good cause, then the balancing test set forth in United States v. Walker, 117 F.3d 417, 420 (9th Cir. 1997), relied on by the majority, ante at 188-91, 179 A.3d 362, would be useful for deciding whether hearsay-otherwise inadmissible under our Rules of Evidence-should be allowed in a probation revocation hearing.
For the reasons expressed, I concur in the judgment reached by the majority, but not in the evidential standard to be applied going forward.