COURT OF APPEALS
DECISION
DATED AND FILED

February 9, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP489**

**STATE OF WISCONSIN**

Cir. Ct. No. **2017CV99**

**IN COURT OF APPEALS
DISTRICT III**

STATE OF WISCONSIN EX REL. KENNETH RISCH,

PETITIONER-APPELLANT,

V.

BRIAN HAYES,

RESPONDENT-RESPONDENT.

APPEAL from an order of the circuit court for Taylor County: ANN KNOX-BAUER, Judge. *Affirmed.*

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Kenneth Risch, pro se, appeals from an order denying a writ of certiorari challenging a Division of Hearings and Appeals

(DHA) decision to revoke Risch's probation. We conclude the decision was both reasonable and supported by substantial evidence. We therefore affirm.

## BACKGROUND

¶2 Risch was convicted in December 2014 of two offenses involving the sexual assault of a child and sexual gratification with an animal. The circuit court withheld sentence and placed Risch on probation. In August 2016, Risch participated in a routine polygraph examination, during which he admitted to watching adult and bestiality (women having sex with animals) pornography while on probation.[1] Risch also admitted to going to an adult store to buy pornography and sex toys. As a condition of his release to probation, Risch had signed rules of supervision whereby he agreed that he could "not possess nor view any sexually explicit material—visual, auditory, nor computer-generated—without prior agent approval." The rules also required him to avoid all conduct "in violation of federal or state statute, municipal or county ordinances, tribal law or which is not in the best interest of the public welfare or [his] rehabilitation."

¶3 As a result of Risch's admissions, he was taken into custody and his home was searched. Several laptop computers and numerous memory cards were

---

[1] The Department of Corrections (DOC) has statutory authority to require sex offenders to submit to polygraph tests while they are on parole, probation, or extended supervision. WIS. STAT. § 301.132(2) (2017-18). Because sex offenders are required to take the polygraph test or face a sanction, including possible revocation, statements made during the tests are generally considered compelled, consistent with the Fifth Amendment privilege against self-incrimination. *See State v. Spaeth*, 2012 WI 95, ¶¶49, 58, 343 Wis. 2d 220, 819 N.W.2d 769. Accordingly, the government may not use the statements, or evidence derived therefrom, in a criminal prosecution. *Id.*, ¶36. The same is not true for use in a revocation proceeding. Incriminating testimony may be compelled and disclosed for purposes relating to correctional programming, care, and treatment, including revocation. *Id.*, ¶¶49, 52, 58; *see also* WIS. ADMIN. CODE § DOC 332.17 (July 1998).

seized, among other things. Risch admitted that one of the storage devices had images of women having sex with animals. He also admitted to possessing three internet-capable phones that he had used to access pornographic and bestiality websites while on Huber release from conditional jail time. Although Risch admitted this behavior, he had various excuses for why it did not violate his rules of supervision.

¶4 The DOC decided to revoke Risch's probation, and it also turned over his computers and storage devices to the Department of Justice's Division of Criminal Investigation for forensic analysis. Although the DOC initiated revocation proceedings, it offered Risch an alternative to revocation agreement based on his representation that he did not possess child pornography on any of the devices. Risch subsequently signed the agreement, in which he admitted that he violated his conditions of probation and the terms of his Huber agreement. He also admitted to engaging in a sexual relationship with a female without his agent's knowledge or approval, and that all of this conduct violated his rules of supervision. He was placed in a sex offender treatment program at Racine Correctional Institute for 90 to 120 days in lieu of revocation. Risch completed his treatment and was again released on probation.

¶5 Several months later, Risch was taken into custody after the forensic analysis revealed seventy-three images of naked or partially clothed children on Risch's computers. The images included children in bathtubs and close-up images of diaper rash or other skin problems near infants' genitals. There were also images of children that appeared to be between the ages of thirteen and fifteen in sexual poses, including a male child with an erect penis. The log from Risch's laptop media player also showed that videos with titles describing child pornography had been viewed during Risch's probationary period. When

confronted with the forensic results, Risch admitted he had nude images of children on his laptop, but he claimed that he did "not believe that [he] viewed any pornographic material of underage people."

¶6　The DOC opted to revoke Risch's probation, and an administrative law judge (ALJ) concluded that the allegations were proven by "the firsthand testimony" of a detective and Risch's own statements. The ALJ also found Risch's various denials not credible. The ALJ found revocation was necessary because at the time the alternative to revocation was offered to Risch, the DOC "was unaware of the child pornography and [Risch] denied possessing any." Although Risch's lack of truthfulness became known during the forensic review, he had completed his sex offender treatment by that time, and "his issues with child pornography therefore went unaddressed." The ALJ concluded that Risch's brazen disregard for his rules of supervision and his dishonesty thus made him a "poor risk on supervision."

¶7　Risch appealed to the DHA, which sustained the ALJ's decision, finding that Risch "was not honest about his possession of the child pornography prior to his alternative to revocation." The circuit court affirmed the DHA's decision, and Risch now appeals.

## DISCUSSION

¶8　We review the DHA's decision, not the decision of the circuit court. ***Kozich v. ETF Bd.***, 203 Wis. 2d 363, 368-69, 553 N.W.2d 830 (Ct. App. 1996). Our review of a revocation decision is limited to four questions: (1) whether the agency stayed within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive, or unreasonable, representing its will rather than its judgment; and (4) whether the evidence was such that it might

reasonably make the order or determination in question. *Van Ermen v. DHSS*, 84 Wis. 2d 57, 63, 267 N.W.2d 17 (1978). If substantial evidence supports the agency's decision, it must be affirmed even if other evidence supports a contrary conclusion. *Id.* at 64. Substantial evidence is evidence that is relevant, credible, probative, and a quantum upon which a reasonable fact finder could base a decision. *Von Arx v. Schwarz*, 185 Wis. 2d 645, 655, 517 N.W.2d 540 (Ct. App. 1994).

¶9 The DOC opted to revoke Risch's probation based on two allegations:

> 1. On or about 12/12/14 through 08/31/16, Kenneth Risch did possess multiple images of naked or partially clothed children on his HP Laptop. This behavior is in violation … of the Rules of Supervision signed by him on 12/12/14.

> 2. On or about 12/12/14 through 08/31/16, Kenneth Risch did possess and view sexually explicit videos via Windows Media Player on his HP laptop that had titles describing the video as containing underage individuals. This behavior is in violation of … the Rules of Supervision signed by him on 12/12/14.

¶10 Regarding the first allegation, testimony at Risch's revocation hearing confirmed the laptop computers seized from Risch in August 2016 contained seventy-three images of nude children, five of which were considered child pornography under Wisconsin law. Risch admitted that he had nude images of children on his laptop, but he claimed at the hearing that he downloaded the images prior to his probation supervision, and that he viewed the images during his probation merely so that he could delete them.

¶11 Although the images had indeed been deleted, they were recoverable, and, thus, still in Risch's possession on his laptop. Furthermore, a

fact finder may reasonably infer that a defendant deleted child pornography files to hide evidence of his or her earlier-knowing possession. *See State v. Schuller*, 843 N.W.2d 626, 637 (Neb. 2014). Thus, the DHA reasonably concluded that Risch possessed, and likely viewed—even if briefly—images of nude children on his laptop during the period of his probation. Violation of a single condition of supervision is sufficient grounds for revocation. *See State ex rel. Cutler v. Schmidt*, 73 Wis. 2d 620, 622, 244 N.W.2d 230 (1976).

¶12    Further, substantial evidence also supported revocation on the second allegation—that Risch possessed and viewed sexually explicit videos on his laptop while on probation. The forensic examiner found a January 2016 internet search for "Preteen Sex Fantasy Stories," along with numerous bestiality images and videos. The examiner also found evidence that Risch's Windows Media Player had been used to view the following videos between January 2015 and August 2016:

> "lime wire/saved/bestiality Zoofilia, Bestiality, Animal Sex Knot Teens with Big Cock Gran Danes Black Dog" [last viewed on August 16, 2016]

> "lime wire/saved/Animal Bestiality Zoofilia – Pretty teen girl fucking a dog(1)" [last viewed on August 16, 2016]

> "lime wire/saved/16mins couple rape 18yr babysitter 16minscouple rape 18yobabysitter 16 mins Underage Lolita teen forced sex with aunt and uncle fuck blowjob cumshot lesbian" [last viewed on August 16, 2016]

> "lime wire/saved/Man inserts his head in vagina – a must see! .sex porn hardcore porn pregnant erotic erotrix anal young teen Lolita ass asian preteen raped girl fuck" [last viewed on January 10, 2015]

¶13    As the ALJ noted, it was only when confronted with the forensic results that Risch admitted he had nude images of children on his computer, and

that he had searched for "Preteen Sex Fantasy Stories." Risch claimed, however, that the search was conducted in connection with his criminal case and he did "not believe that [he] viewed any pornographic material of underage people." Whether the videos actually contained child pornography is irrelevant because Risch's rules of supervision prohibited the viewing of all sexually explicit material. Moreover, the DHA properly found Risch was not credible, as the video titles speak for themselves and it is reasonable to conclude that the videos contained the content referenced in their titles. The record on appeal reasonably supports the conclusion that during his probation Risch possessed and viewed sexually explicit videos in violation of his rules of supervision as alleged.

¶14    Risch also argues that his revocation counsel was ineffective by failing to object and seek suppression of: (1) his admissions made during the polygraph examination, as well as evidence derived from those admissions; and (2) admissions he made during sex offender treatment. The scope of review on certiorari, however, is strictly limited to reviewing the actions of the administrative body; the effectiveness of defense counsel during the hearing is not within the proper scope of review of an administrative action. *See* ***State v. Ramey***, 121 Wis. 2d 177, 182, 359 N.W.2d 402 (Ct. App. 1984). We therefore lack jurisdiction to address the ineffective assistance claim on certiorari and shall not address it further.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).