UNITED STATES of America, Appellee,

v.

Timothy John O'MEARA, Appellant.

No. 94–1518.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1994.

Decided Aug. 12, 1994.

Virginia Villa, Minneapolis, MN, argued (Daniel Scott, on the brief), for appellant.

Thorwald Anderson, Asst. U.S. Atty., Minneapolis, MN, argued (Michael Waterman, Legal Intern., Elizabeth DelaVega, Asst. U.S. Atty., on the brief), for appellee.

Before FAGG and BEAM, Circuit Judges, and BOGUE,* Senior District Judge.

PER CURIAM.

Timothy John O'Meara appeals the district court's judgment revoking his supervised release and imposing a 33–month prison term. We vacate the judgment and remand with instructions.

At O'Meara's revocation hearing, O'Meara's probation officer testified about the probation officer's conversations with a state agent concerning criminal sexual conduct charges against O'Meara and about police reports the probation officer had read. Additionally, the Government offered a composite videotape prepared by the state agent, who did not testify at the hearing. O'Meara objected to admission of the probation officer's testimony and the videotape as hearsay and a violation of Federal Rule of Criminal Procedure 32.1(a)(2). The district court agreed much of the challenged evidence was hearsay but nevertheless overruled O'Meara's objections, relying on our holdings that introduction of hearsay evidence at sentencing is not a constitutional violation.

On appeal, O'Meara contends admission of the challenged evidence deprived him of his right to question adverse witnesses at his revocation hearing in violation of Federal Rule of Criminal Procedure 32.1(a)(2)(D). We recently addressed the requirements of Rule 32.1(a)(2)(D) in *United States v. Zentgraf,* 20 F.3d 906 (8th Cir.1994). As we recognized in *Zentgraf,* Rule 32.1(a)(2)(D) does not confer on a defendant in a revocation proceeding an absolute right to question

* The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the District of South Dakota, sitting by designation.

adverse witnesses. *Id.* at 909. The district court must "'balance the [probationer's] right to confront a witness against the grounds asserted by the [G]overnment for not requiring confrontation,'" and may admit hearsay statements when the Government shows good cause. *Id.* (quoting *United States v. Penn,* 721 F.2d 762, 764 (11th Cir. 1983)). The Government may show good cause by demonstrating the hearsay evidence is reliable and by offering a reasonably satisfactory explanation why live testimony is undesirable or impracticable. *Id.* at 910.

In O'Meara's case, the district court did not engage in the required balancing before admitting the challenged hearsay evidence. Accordingly, we vacate the judgment revoking O'Meara's supervised release and remand to the district court to reopen the revocation hearing in conformity with *Zentgraf.*

■ In the event the reopened hearing results in revocation of O'Meara's supervised release, we also address O'Meara's contention that the district court improperly sentenced him as a Class B felon rather than a Class C felon. When O'Meara committed his underlying offense, the offense was a Class B felony. Although Congress has reclassified O'Meara's offense as a less severe Class C felony, O'Meara is not entitled to benefit from changes in a criminal penalty statute enacted after he committed his offense. *See* 1 U.S.C. § 109 (1988); *Martin v. United States,* 989 F.2d 271, 274 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 475, 126 L.Ed.2d 426 (1993). If the district court revokes O'Meara's supervised release, O'Meara thus should be sentenced as a Class B felon. *See* 18 U.S.C. § 3583(e)(3) (Supp. IV 1992).