F I L E D
United States Court of Appeals
Tenth Circuit

FEB 5 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RODNEY VEAL,

Defendant-Appellant.

No. 98-6304
(D.C. No. 95-CR-70)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, the

case is ordered submitted without oral argument.

Defendant Rodney Veal appeals the district court's revocation of his term

of supervised release and the ensuing term of imprisonment imposed by the

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

district court. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

In June 1995, Veal was charged with knowingly possessing a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). He pleaded guilty and was sentenced to thirty-seven months' imprisonment, to be followed by two years' supervised release. He completed his term of imprisonment and began his supervised release on June 10, 1998. He was required to reside at a halfway house during the first 120 days of his supervised release. Veal left the halfway house on June 19 and did not return until June 22. When he returned, he reported he had been arrested and detained in jail as a robbery suspect. On June 24, 1998, Veal's probation officer petitioned the district court to revoke Veal's supervised release. Veal's term of supervised release was revoked and the court sentenced him to twenty-four months' imprisonment.

Veal contends the evidence presented at the revocation hearing was insufficient to support the district court's findings of fact. Although we review a district court's decision to revoke a term of supervised release for abuse of discretion, United States v. McAfee, 998 F.2d 835, 837 (10th Cir. 1993), we review its subsidiary factual findings for clear error. See United States v. Hall, 984 F.2d 387, 389 (10th Cir. 1993). To revoke a defendant's term of supervised release, a district court must find by a preponderance of the evidence that the defendant violated a condition of his supervised released. 18 U.S.C. §

3583(e)(3); Hall, 984 F.2d at 390.

Veal's probation officer was the only government witness who testified at the revocation hearing. He testified that personnel at the halfway house verified Veal was absent without authorization from June 19 until June 22, 1998. He further testified that Veal was arrested several blocks from the halfway house on June 19 after a victim called the police and informed them he had been "strong-arm robbed of $30 and four cans of Old Milwaukee beer." Record III at 8. According to the probation officer, the victim identified Veal as the perpetrator. The probation officer acknowledged he did not talk to either the victim or the arresting officer and that his testimony was based solely on what he read in the police arrest report.

We conclude the probation officer's testimony was sufficient to support the district court's factual findings regarding Veal's absence from the halfway house and his subsequent involvement in a robbery. Although the testimony was hearsay, it is beyond dispute that reliable hearsay testimony can be considered by a district court in a hearing regarding revocation of supervised release. See, e.g., United States v. Waters, 158 F.3d 933, 939 (6th Cir. 1998); United States v. O'Meara, 33 F.3d 20, 20-21 (8th Cir. 1994); United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994). Given the probation officer's status as a "trained professional" who was obviously familiar with the process of investigating and

summarizing information, especially information regarding criminal behavior, we find no basis for doubting his ability to accurately report what he learned in the course of investigating Veal's misconduct.   See Taylor v. United States Parole Comm'n, 734 F.2d 1152, 1156 (6th Cir. 1984) (dissenting opinion).  Likewise, we find no basis for doubting the reliability of the statements made to the probation officer by the personnel at the halfway house or the accuracy of the information summarized in the police report.  Indeed, other than questioning the probation officer about the sources of his information, Veal did not seriously challenge the legitimacy of the information.

Veal contests the length of the sentence imposed.  In particular, he argues the district court erred by departing upward from the Sentencing Guidelines range of twelve to eighteen months.   See 18 U.S.C. § 3583(e)(3).  In   United States v. Hurst, 78 F.3d 482, 484 (10th Cir. 1996), we emphasized that the policy statements regarding revocation of supervised release set forth in Chapter 7 of the Sentencing Guidelines "are advisory rather than mandatory in nature."  Although these policy statements must be considered by a district court in imposing punishment for a violation of supervised release, they are not binding and we will reverse a revocation sentence imposed by a district court only if it was not "reasoned and reasonable."   Id. at 483.

We have reviewed the record on appeal and conclude the sentence was both

"reasoned and reasonable." The transcript of the revocation hearing demonstrates the district court adequately considered the factors outlined in 18 U.S.C. § 3553 (*e.g.*, nature and circumstances of offense, characteristics of defendant, need for sentence imposed, etc.) in deciding the length of the sentence to impose. In particular, the court offered the following reasons for imposing a twenty-four-month sentence:

> It is apparent to me that your institutional adjustment has been completely lacking in your previous incarceration. It appears that from the very brief period of time that you were free before committing violation conduct yet again, that there is a serious need to evaluate your behavior and to do what can be done to assist you in perhaps adjusting better the next time you're out.
> I find that the chapter 7 recommended range is not sufficient to give the Bureau of Prisons or you time to undertake any of that assessment or treatment; therefore, I elect to go upward from the chapter 7 recommendation.

Record III at 24. We agree entirely with this rationale and find no basis for reversing the sentence.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge