06-4239-cr
U.S.A. v. Hasarafally

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2007

(Motion Submitted: February 13, 2008     Decided: June 12, 2008)

Docket No. 06-4239-cr

_____

United States of America,

Appellee,

v.

Ameer Hasarafally,

Defendant-Appellant.

_____

Before:
CARDAMONE, SOTOMAYOR, and RAGGI,
Circuit Judges.

_____

Defendant Ameer Hasarafally moves to recuse the United States Department of Justice from representing the government on his appeal from the United States District Court for the Southern District of New York because the criminal judgment under review was rendered by then-District Court Judge Michael B. Mukasey, prior to his appointment as Attorney General of the United States.

Denied.

_____

B. Alan Seidler, New York, New York, for Defendant-Appellant.

Sarah Y. Lai, Assistant United States Attorney, (Michael J. Garcia, United States Attorney for the Southern District of New York, New York, New York), for Appellee.

_____

CARDAMONE, Circuit Judge:

Defendant Ameer Hasarafally, who has appealed from a judgment of conviction finding him guilty of one count of a cocaine conspiracy, moves to recuse the United States Department of Justice as attorney for the United States in this case. The reason is that defendant's trial was held in the United States District Court for the Southern District of New York before Judge Michael B. Mukasey, who after retirement from the bench and a time in private practice, has become the Attorney General of the United States, the appellee on defendant's appeal. We write because the circumstances of this case are present in about 40 appeals pending in this Court.

Defendant maintains that Judge Mukasey's appointment as Attorney General creates a conflict of interest. Courts are sensitive to such a claim because it quickly raises an issue of a lack of prosecutorial impartiality. If given credence, the claim, which is easy to assert and slow to dissipate, casts a pall over the case. Fortunately, in this case, the conflict of interest claim is completely without foundation and is entitled to no credence whatever.

BACKGROUND

The current Attorney General of the United States served as a federal district court judge for nearly 20 years prior to his appointment as the nation's chief law enforcement officer. During his time in the United States District Court for the Southern District of New York, Judge Mukasey presided over

2

hundreds of cases, a number of which are now being appealed to this Court.

One of those appeals is, as noted, this one. In 2006 Hasarafally was tried by a jury and convicted of possession with intent to distribute cocaine. Judge Mukasey sentenced him to 96 months in prison, five years of supervised release, and a $100 special assessment. Hasarafally has appealed his conviction and sentence and he now moves to recuse the entire Department of Justice from representing the government in this appeal due to an asserted conflict of interest caused by Judge Mukasey's new position as Attorney General.

The government responds to defendant's motion by stressing that while the Attorney General has supervisory power over all litigation to which the United States is a party, see 28 U.S.C. §§ 503, 509, it is in fact the United States Attorney for the Southern District of New York who, by virtue of 28 U.S.C. § 547, represents the United States in this case. Moreover, the government advises us that Attorney General Mukasey has recused himself from all matters in which he participated as a United States District Judge. The Solicitor General is currently the Acting Attorney General for such matters, and pursuant to 28 U.S.C. § 508, a Deputy or Associate Attorney General will automatically take over this role should one of these offices be filled by someone who has been nominated by the President and confirmed by the Senate during Attorney General Mukasey's tenure.

We turn to the merits of the motion before us.

# DISCUSSION

## I  Attorneys General Formerly Judges

This is not the first time the country has had an Attorney General with prior experience as a judge.  William Bradford, the country's second Attorney General, was a Justice of the Pennsylvania Supreme Court at the time of his appointment in 1794.  See U.S. Dep't of Justice, Attorneys General of the United States, 1789-1979 4 (1980).  At least 18 other Attorneys General after Bradford, up to and including Attorney General Mukasey's immediate predecessor, have served as judges prior to their appointments.  See id. at 8-144 (noting the judgeships held by Attorneys General Levi Lincoln, William Wirt, John MacPherson Berrien, Felix Grundy, John Young Mason, Caleb Cushing, Jeremiah Sullivan Black, Edward Bates, Ebenezer Rockwood Hoar, George Henry Williams, Edwards Pierrepont, Alphonso Taft, Charles Devens, Judson Harmon, Joseph McKenna, Alexander Mitchell Palmer, Francis Biddle, and Griffin Boyette Bell); Who's Who in American Law, 2007-2008 426 (Janine Fechter et al. eds., 15th ed. 2007) (noting Attorney General Alberto R. Gonzales's experience as a judge).  There are also, no doubt, numerous examples of other prosecutors, at both the federal and state levels, who have come to their positions with valuable judicial experience.  See, e.g., State v. Tate, 925 S.W.2d 548, 549 (Tenn. Crim. App. 1995); Commonwealth v. Ford, 650 A.2d 433, 443 (Pa. 1994); Ross v. State, 57 P. 924, 925 (Wyo. 1899).

We find very little precedent, however, on the potential conflict of interest created by the transition from judge to prosecutor in any given case. Such a conflict surely may exist in certain circumstances, as when a trial judge receives confidential communications by the defendant during ex parte proceedings, and then goes on to act as prosecutor in the same case, see Tate, 925 S.W.2d at 553-54, or when a trial judge who has been personally criticized or shown disrespect by a party goes on to prosecute this party for criminal contempt, cf. Fed. R. Crim. P. 42(a)(3) (prohibiting such a judge from presiding at the contempt trial absent defendant's consent). In other circumstances, the alleged conflict may be absent, particularly when the prosecutor has had only minimal involvement as trial judge in the defendant's case. See Ross, 57 P. at 925-26 (holding no conflict to exist where the prosecutor, in his prior role as judge, had merely denied defendant bail). We recently noted that Attorney General Mukasey's formal appearance in the caption of an appeal from a decision he issued as trial judge was without legal significance. Ogunwomoju v. United States, 512 F.3d 69, 71 n.3 (2d Cir. 2008). But that comment was made only in passing and not in response to any assertion of a conflict of interest.

II  Attorney General Mukasey's Recusal

In order to fully address Hasarafally's motion for recusal, we proceed with our own analysis of the facts and precedent, mindful, as we tread into uncharted territory, of a former

5

colleague's memorable warning (when he was a district court judge) that "[w]hen dealing with ethical principles, it is apparent that we cannot paint with broad strokes," as the "lines are fine and must be so marked." United States v. Standard Oil Co., 136 F. Supp. 345, 367 (S.D.N.Y. 1955) (Kaufman, J.); see also Bd. of Educ. v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979). With respect to Attorney General Mukasey's potential conflict of interest, we may dispose of that quickly. Whatever conflict would exist were the Attorney General serving as prosecutor in this case, it has been avoided by virtue of his recusal. We accept the government's representation that Attorney General Mukasey will play no role in Hasarafally's appeal, and that, in the unlikely event any supervision at the level of the Attorney General's office is necessary, it will be carried out by the Solicitor General or by a Deputy or Associate Attorney General.

In these circumstances, recusal of the entire Department of Justice is both unnecessary and inappropriate. While a private attorney's conflict of interest may require disqualification of that attorney's law firm in certain cases, see, e.g., Fund of Funds, Ltd. v. Arthur Andersen & Co., 567 F.2d 225, 229 n.10 (2d Cir. 1977); cf. Hempstead Video, Inc. v. Inc. Vill. of Valley Stream, 409 F.3d 127, 137-39 (2d Cir. 2005) (holding that this is not a categorical rule), such an approach is not favored when it comes to the office of a United States Attorney, see United States v. Badalamenti, 794 F.2d 821, 828 (2d Cir. 1986); Grand Jury Subpoena of Ford v. United States, 756 F.2d 249, 254 (2d

6

Cir. 1985), or, a fortiori, to the Department of Justice as a whole.

A. Screening Procedure Alleviates Burden on the Government

Instead, we acknowledge the propriety of screening procedures that insulate a government attorney from matters in which he or she would face a conflict of interest. Ford, 756 F.2d at 254. This is because the burden on the government and the public of office-wide disqualification is much higher than the burden on a private party, who can easily choose from a range of law firms. See id. Moreover, the Justice Department's institutional characteristics lessen the need for wide-ranging office-wide disqualification, see United States v. Caggiano, 660 F.2d 184, 190-91 (6th Cir. 1981) (citing ABA Comm. on Prof'l Ethics, Formal Op. 342, 62 A.B.A. J. 517, 521 (1976)), while simultaneously causing such disqualification to implicate concerns over the administration of justice, see id., and separation of powers, see United States v. Bolden, 353 F.3d 870, 879 (10th Cir. 2003). See also United States v. Frega, 179 F.3d 793, 799-800 (9th Cir. 1999); United States v. Vlahos, 33 F.3d 758, 763 n.5 (7th Cir. 1994); United States v. Lorenzo, 995 F.2d 1448, 1453 & n.1 (9th Cir. 1993). Just as these considerations weigh against the disqualification of individual United States Attorneys' offices, they weigh even more heavily against disqualification of the entire Department of Justice.

## B. Limits of Our Holding

To resolve this motion, we need not now decide whether circumstances might ever arise warranting disqualification of the entire Justice Department or an office within that Department. We can readily conclude that in the present case, Attorney General Mukasey's potential conflict of interest is too attenuated to warrant such extraordinary action. Indeed, even with respect to the Attorney General himself, the alleged conflict is more apparent than real, and extremely narrow even in that respect. There is no allegation that he received, as trial judge, any privileged communications that should be kept out of the prosecution's hands on appeal. Cf. Ford, 756 F.2d at 254. Nor is there any allegation that the Attorney General harbors some personal interest in this case that would damage Hasarafally's right to a neutral prosecutor. Cf. Marshall v. Jerrico, Inc., 446 U.S. 238, 249-50 (1980). All we are faced with is the Attorney General's prior role as trial judge -- a role in which he was held to a higher standard of neutrality than the one to which he must now conform as a prosecutor. See id. While this role might create an appearance of impropriety sufficient to disqualify the Attorney General himself from participating in this appeal regardless of any personal interest (and we do not say that it does), we see no reason to exclude the rest of his Department from appearing.

## CONCLUSION

Accordingly, for the foregoing reasons, we deny Hasarafally's motion to recuse the Department of Justice from representing the United States on his appeal.