UNITED STATES of America, Appellee,

v.

Kenneth Lewis McCALLUM, a/k/a Kenneth Louis McCallum, Appellant.

No. 81–5255.

United States Court of Appeals,
Fourth Circuit.

Argued March 5, 1982.

Decided May 5, 1982.

Rehearing and Rehearing En Banc
Denied June 9, 1982.

Stephen T. Gannon, Richmond, Va. (Hunton & Williams, Richmond, Va., on brief), for appellant.

N. George Metcalf, Asst. U. S. Atty., Richmond, Va. (Elsie L. Munsell, U. S. Atty. on brief), for appellee.

Before BUTZNER and SPROUSE, Circuit Judges, and ROBERT D. POTTER, United States District Judge for the Western District of North Carolina, sitting by designation.

BUTZNER, Circuit Judge:

Kenneth Lewis McCallum appeals from the judgment of the district court revoking his probation. McCallum argues that introduction of hearsay evidence during the probation revocation proceeding infringed on his constitutional right to confront and cross-examine witnesses. We reject this contention and affirm the judgment of the district court.

I

On January 29, 1981, McCallum pleaded guilty to uttering a forged check in violation of 18 U.S.C. § 495. The district court sentenced him to serve three years and six months, and, pursuant to 18 U.S.C. § 3651, suspended all but six months of that sentence while placing him on probation for five years. Special conditions of probation required that "[t]he defendant shall reside in a community treatment center to obtain drug counseling for the first SIX (6) MONTHS of the probationary period; and ... the defendant shall be involved in a drug treatment program while on probation. . . ." Additionally, McCallum was required to "work regularly at a lawful occupation. . . ."

On July 1, 1981, McCallum was transferred to the Salvation Army center in Atlanta, Georgia, in accordance with the first special condition of probation.* After some delay, McCallum succeeded in finding employment as required by the terms of his probation. In two weeks, however, he was discharged. Later, on August 11, 1981, he was expelled from the Salvation Army center. He was then charged with violating the conditions of his parole.

At the revocation hearing, the district court admitted, over the objections of McCallum's counsel, a letter from the program coordinator and counselor of the Salvation Army center explaining why McCallum lost his job and was expelled from the center. The letter reported that McCallum "was terminated only after two weeks of employment ... due to excessive tardiness, absenteeism, and warnings stemming from his poor attitude." His later exclusion from the treatment center resulted from repeated violations of its rules. These incidents, described in some detail, included violations of curfew, fraternization, and other rules. Additionally, officials suspected that McCallum had been smoking marijuana. The report stated that he tested positive for the drug.

Neither the authors of this report nor McCallum's federal probation officer in Atlanta testified at the hearing, although McCallum's attorney had asked the United States Attorney to produce them. The government's only witness was McCallum's Virginia probation officer. He disclaimed personal knowledge concerning the allegations contained in the center's report but testified that the probation officer in Atlanta had phoned him about McCallum's difficulties.

McCallum denied that he had smoked marijuana, claiming instead that he had merely been in the vicinity of other smokers. While not disputing the substance of the report's other allegations, he claimed that extenuating circumstances caused the loss of his job.

The district court, relying on the center's report, held that McCallum had violated the conditions of his parole. It therefore revoked the grant of probation and sentenced him to jail.

II

Effective December 1, 1980, the Federal Rules of Criminal Procedure were amended by the addition of rule 32.1. The rule re-

---

* Although jurisdiction over McCallum could have been transferred to the Northern District of Georgia, the District Court for the Eastern District of Virginia retained jurisdiction. *See* 18 U.S.C. § 3653.

flects the constitutional principles governing revocation of probation and parole explained in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). *See* Notes of Advisory Committee. Rule 32.1(a)(2) provides in part:

The probationer shall be given

(A) written notice of the alleged violation of probation;

(B) disclosure of the evidence against him;

(C) an opportunity to appear and to present evidence in his own behalf;

(D) the opportunity to question witnesses against him; and

(E) notice of his right to be represented by counsel.

McCallum was represented by appointed counsel. He was given notice of his alleged violation of probation, an opportunity to be heard and present evidence, and the opportunity to cross-examine the government's witness. He protests, however, that admission of the treatment center's report unconstitutionally infringed his right to confront and cross-examine witnesses and denied him disclosure of the laboratory report of the positive test for use of marijuana.

[1, 2] We cannot accept McCallum's contentions. The Constitution does not require the exclusion of all hearsay evidence. *Dutton v. Evans*, 400 U.S. 74, 80, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970). Also, the Federal Rules of Evidence pertaining to hearsay do not apply to probation revocation hearings. *See* Federal Rule of Evidence 1101(d)(3). One must turn, therefore, to rule 32.1 and the cases from which it is derived to determine the scope of the rights accorded a probationer who faces revocation.

The Notes of the Advisory Committee explain that a formal trial is not required by rule 32.1(a)(2), that "the usual rules of evidence need not be applied," and that the court may consider documentary evidence including letters that would not be admissible in a criminal trial. This authoritative interpretation of rule 32.1 conforms to the constitutional principles explained in *Gagnon*, 411 U.S. at 783 n.5, 93 S.Ct. at 1760 n.5,

and *Morrissey*, 408 U.S. at 489, 92 S.Ct. at 2604.

Even before rule 32.1 was promulgated, several courts, relying on *Morrissey* or *Gagnon*, permitted the introduction of "demonstrably reliable" hearsay evidence in probation revocation proceedings. *See, e.g., United States v. Burkhalter*, 588 F.2d 604, 607 (8th Cir. 1978); *Prellwitz v. Berg*, 578 F.2d 190, 192–93 (7th Cir. 1978); *United States v. Miller*, 514 F.2d 41, 42–43 (9th Cir. 1975). In contrast, McCallum relies on several cases in which courts concluded that introduction of hearsay evidence invalidated revocations of parole or probation. *See, e.g., United States v. Caldera*, 631 F.2d 1227 (5th Cir. 1980); *Baker v. Wainwright*, 527 F.2d 372 (5th Cir. 1976); *Galante v. United States Parole Commission*, 466 F.Supp. 1266 (D.Conn.1979); *Lawrence v. Smith*, 451 F.Supp. 179 (W.D.N.Y.1978). It is sufficient to note that these cases are either factually inapposite or not explicitly based on the principles set forth in *Morrissey* and *Gagnon*.

The record discloses that the letter from the Salvation Army center was reliable evidence. It was in the nature of an official report to the United States probation officer in Atlanta from the center's federal program coordinator and its counselor. The reliability of the report was also established by McCallum's testimony in which he admitted loss of his job and infractions of the center's rules.

McCallum's principal complaint about the accuracy of the report is its reference to marijuana. Although the report notes that McCallum's test for the presence of the drug was positive, the center did not transmit copies of the information it received from the laboratory. McCallum's counsel objected to the reference about marijuana because of the absence of data from the laboratory.

We conclude that the omission of the laboratory's test data does not warrant reversal. McCallum does not dispute that the test could have been accurate. His explanation attributed its positive result to his presence where others were smoking mari-

juana. Moreover, the charge about marijuana, though considered by the district judge, was but one of the infractions that led to his dismissal from the center.

In sum, we conclude that McCallum's probation revocation hearing satisfied the requirements of rule 32.1 and complied with the principles annunciated in *Morrissey* and *Gagnon*. The judgment is

AFFIRMED.