**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 00-4408**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CARL ERIC HOPKINS, a/k/a Fat Daddy,

Defendant - Appellant.

—————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  C. Weston Houck, District Judge.
(CR-94-297)

—————

Submitted:  November 22, 2000      Decided:  February 7, 2001

—————

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Gwendlyne Young Smalls, Winnsboro, South Carolina, for Appellant.
J. Rene Josey, United States Attorney, Mark C. Moore, Assistant
United States Attorney, Ann Agnew Cupp, Columbia, South Carolina,
for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Carl Eric Hopkins appeals from the revocation of his supervised release and the imposition of a three-year prison term. Hopkins contends that insufficient evidence supported the revocation of his supervised release, because the evidence presented consisted of unreliable hearsay. Finding sufficient evidence to support the revocation, we affirm.

A revocation hearing is not a part of a criminal prosecution and the full panoply of rights due a defendant under the Federal Rules of Evidence does not apply. See Morrissey v. Brewer, 408 U.S. 471, 489 (1972). Thus, hearsay testimony is admissible so long as it is reliable. See Fed. R. Evid. 1101(d)(3); United States v. McCallum, 677 F.2d 1024, 1026 (4th Cir. 1982) (permitting "demonstrably reliable" hearsay). Our review of the record reveals that the hearsay was sufficiently reliable to support the district court's decision to revoke supervised release.

Accordingly, we affirm the revocation of Hopkins' supervised release. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED