**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                              No. 02-4434

JAMES BROOKS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-96-9-HO)

Submitted: January 21, 2003

Decided: February 6, 2003

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Michael W. Patrick, LAW OFFICE OF MICHAEL W. PATRICK, Chapel Hill, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James Brooks appeals the revocation of his term of supervised release imposed upon his conviction of conspiracy to distribute cocaine base and the imposition of a forty-eight-month sentence. Brooks argues that the district court erred in finding two Class A supervised release violations based on hearsay evidence and in determining his sentence based on an incorrect criminal history category. Because Brooks did not raise either of these claims in the district court, our review is for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993). We affirm.

During the revocation hearing, Detective Adams testified that he investigated a shooting at the Strack Lounge. Although the victim, Monquel Ross, did not know the shooter, other patrons of the lounge identified the shooter as "Black." In the course of his investigation, Adams located a confidential informant who gave him Brooks' name and stated that Brooks admitted to him that he had shot someone at the Strack Lounge. Ross subsequently identified Brooks from a photo array. Charges arising from this incident were later dismissed when Ross decided "it would be in his best interest" not to proceed with the case. Brooks did not object to any of Adams' testimony and did not cross-examine him. Indeed, Brooks entered a plea of "no contest" to the two Class A violations of possessing a firearm and shooting Ross.

On appeal, Brooks challenges the district court's finding that he committed the alleged violations asserting that the only evidence against him was uncorroborated hearsay. We may correct error that is both plain and prejudicial if such error "substantially affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732. Even assuming, as Brooks contends, that the district court committed plain error in failing to make a specific finding of good cause for not allowing confrontation, we decline to exercise our discretionary power to correct such an error because we find that the hearsay in this case was sufficiently reliable. *See United States v. McCallum*, 677 F.2d 1024, 1026 (4th Cir. 1982) (allowing admission of hearsay testimony during revocation hearing, as long as it is reliable); *see also United States v. Alaniz-Alaniz*, 38 F.3d 788,

791 (5th Cir. 1994) (applying plain error analysis where defendant failed to object to district court's failure to conduct balancing test, but declining to exercise discretion to grant relief "even assuming" plain error had been committed). *But see Belk v. Purkett*, 15 F.3d 803, 813-14 (8th Cir. 1994) (finding defendant's request to confront adverse witness irrelevant because state bears burden to produce witness or show good cause for not doing so). Finding no plain error in the admission of the hearsay statements, we affirm the district court's decision to revoke Brooks' supervised release.

Brooks also challenges the use of criminal history category V in the determination of his sentence. He asserts that the presentence report prepared prior to his sentencing on the conspiracy charge incorrectly attributes criminal history points for a firearm offense that he asserts was part of the conspiracy. Brooks failed to raise this claim in the district court, and therefore, to prevail on this issue, he must show that the court's failure to *sua sponte* reexamine his criminal history computation was plainly erroneous. *Olano*, 507 U.S. at 732. He has not made this showing. There is no information in the presentence report—or anywhere in the record—that Brooks was acting in furtherance of the drug conspiracy when he was found in possession of a stolen firearm. Thus, we find no error—much less plain error—in the attribution of criminal history points for the firearm offense. *See United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990) (holding that court is free to adopt findings in presentence report absent an affirmative showing of error).

Moreover, even if Brooks had established error, he could not show that such error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 732. Upon revocation of his supervised release, the district court had authority to sentence Brooks to up to 60 months. The court imposed a 48-month sentence, within the recommended 46 to 57 month range. *See U.S. Sentencing Guidelines Manual* § 7B1.4, p.s. (1995); *United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995) (sentencing ranges for revocation are advisory, not binding). We find that Brooks cannot show that the district court's failure to *sua sponte* reexamine his criminal history category amounted to plain error. *See* USSG § 7B1.4, p.s., comment. (n.1) ("criminal history category is not to be recalculated"); USSG § 7B1.4, p.s., comment. (n.4) ("When the original sentence

was the result of a downward departure (*e.g.*, as a reward for substantial assistance), . . . an upward departure may be warranted.").

Having found that the district court did not plainly err in revoking Brooks' supervised release or in determining his sentence, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*