**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————————

**No. 05-4210**

———————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DORIAN JONES,

Defendant - Appellant.

———————————————

**No. 05-4219**

———————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DORIAN JONES,

Defendant - Appellant.

———————————————

**No. 05-4220**

———————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DORIAN JONES,

                                    Defendant - Appellant.

―――――――

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria.  Leonie M. Brinkema, T.S. Ellis, III, District Judges.  (CR-94-460; CR-94-381; CR-95-57)

―――――――

Submitted:  June 30, 2005          Decided:  July 29, 2005

―――――――

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

―――――――

Affirmed by unpublished per curiam opinion.

―――――――

Denise J. Tassi, LAW OFFICES OF DENISE J. TASSI, Alexandria, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Mark C. Grundvig, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dorian Jones appeals the orders revoking his concurrent terms of supervised release and imposing concurrent twenty-four-month terms of imprisonment. We affirm.

In February 2004, Jones began serving terms of supervised release on four convictions imposed by two different judges in three cases in the Eastern District of Virginia. The conditions of supervised release in each sentence included the statutory prohibitions against committing a crime while on supervised release, possessing a firearm, and unlawfully possessing controlled substances, and the standard requirements that Jones follow his probation officer's instructions and inform the probation officer within seventy-two hours of being arrested or questioned by police.

In January 2005, Jones' probation officer filed with each judge identical petitions to revoke supervised release, alleging that Jones had violated several conditions of supervised release. One of the judges conducted a supervised release revocation hearing. The judge found that Jones committed all the supervised release violations cited in the petition, revoked supervised release in the two cases pending before that court, and imposed concurrent twenty-four month prison terms. The other judge adopted the findings of the first judge, revoked supervised release in the case pending before him, and imposed a twenty-four month prison

term to run concurrently with the sentences imposed in the other proceedings.  Jones timely appealed in all three cases.

Jones first argues that he was denied due process because the district court conducting the supervised release hearing did not provide reasons for concluding that he violated the conditions of supervised release.  A defendant is entitled to a written statement by the factfinder as to the evidence relied upon and the grounds for revoking supervised release.  Morrissey v. Brewer, 408 U.S. 471, 480 (1972).  This requirement of a "written statement" may be satisfied by a transcript of an oral finding "when the transcript and record compiled before the trial judge enable the reviewing court to determine the basis of the trial court's decision.  United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992).  In the cases before us, the court's recitation of the evidence relied upon to find violations may not be a "model for satisfaction of this due process rule," id. at 832, but it is sufficient.

Jones also contends that his Fifth Amendment right to due process and his Sixth Amendment right to confront witnesses were violated when hearsay evidence was admitted at the proceeding. Supervised release revocation hearings are informal proceedings in which the rules of evidence need not be strictly observed.  Cf. Fed. R. Evid. 1101(d)(3) (excluding probation revocation hearings from proceedings governed by federal rules of evidence).  Thus, the

hearsay nature of evidence does not render its admission improper. Instead, the inquiry focuses on whether the evidence was sufficiently reliable. Cf. United States v. McCallum, 677 F.2d 1024, 1026 (4th Cir. 1982) (allowing admission of hearsay during probation revocation hearing as long as it is reliable). Our review of the hearsay in the context in which it was presented in these cases demonstrates that it was well corroborated and we conclude that it was sufficiently reliable.

Jones argues that the district court failed to require, and the government failed to show, good cause why it was necessary to rely on hearsay evidence. However, Jones never objected to the hearsay evidence or asserted his right at the hearing to question the witnesses he now asserts he had a right to examine. Cf. Fed. R. Crim. P. 32.1(b)(2)(C) (2002 advisory committee's notes) (stating that where defendant at supervisory release revocation asserts right to cross-examine witness, the court should "balance the person's interest in the constitutionally guaranteed right to confrontation against the government's good cause for denying it").

For these reasons, we affirm the district court orders revoking supervised release and sentencing Jones to concurrent twenty-four month terms of imprisonment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.                    AFFIRMED

- 5 -