**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 06-4835**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LECHIA LYNN MOODY,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.   Thomas E. Johnston, District Judge.   (5:00-cr-00163-ALL)

---

Submitted:  January 31, 2007          Decided:  March 13, 2007

---

Before WILLIAMS and TRAXLER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Deirdre H. Purdy, BAILEY & GLASSER, LLP, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, John K. Webb, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lechia Lynn Moody appeals the district court's order revoking her term of supervised release and imposing a 24-month term of imprisonment. Moody claims: (1) the court's statement of its basis for revoking her supervised release was insufficient; (2) the evidence was insufficient to support a finding that she violated a condition of release by possessing a controlled substance; and (3) the court abused its discretion by admitting and relying on hearsay evidence. We affirm.

Moody was convicted of distribution of oxycodone in violation of 21 U.S.C. § 841(a)(2000). On July 7, 2004, she began serving a three-year term of supervised release. On January 19, 2006, Moody's probation officer filed a petition for revocation of Moody's supervised release. Following a hearing, the conditions of Moody's supervised release were modified to require that Moody complete a 28-day inpatient drug rehabilitation program, and upon completion, that she participate in a six-month outpatient program.

On April 26, 2006, the probation officer filed a second petition for revocation, alleging that Moody possessed a controlled substance as evidenced by a positive drug screen on February 21, 2006; and that according to treatment providers at the drug rehabilitation facility, Moody told staff upon completion of the 28-day program she did not want to participate in the six-month program. According to the petition, Moody asked the staff to

falsely report to the court that she was in need of no further treatment. Based on her resistance to the six-month program, she was denied admission.

The district court held a hearing on the petition. The government presented the testimony of the probation officer and the laboratory report showing Moody's positive drug screen. Moody did not testify or present any evidence. The district court concluded that Moody violated both conditions of release as alleged in the petition, revoked the supervised release and imposed a 24-month term of imprisonment.

Moody argues that the district court failed to sufficiently articulate its basis for revoking supervised release. A defendant is entitled to a written statement by the factfinder as to the evidence relied upon and the grounds for revoking supervised release. Morrissey v. Brewer, 408 U.S. 471, 489 (1972). This requirement may be satisfied by a transcript of an oral finding "when the transcript and record compiled before the trial judge enable the reviewing court to determine the basis of the trial court's decision." United States v. Copely, 978 F.2d 829, 831 (4th Cir. 1992). In this case, while the trial court's recitation in its written and oral findings that it relied upon the information stated in the petition and the evidence presented at the hearing to conclude Moody violated both conditions of release as alleged in the petition "might have been more specific," it requires "no great

leap of faith" to understand the grounds for revocation. Id. at 832. We conclude the court's statement satisfies Moody's right to due process, and is sufficient.

Moody also challenges the district court's conclusion that she violated the terms of release by possessing a controlled substance. We review the district court's decision to revoke a defendant's supervised release for an abuse of discretion. Id. at 831. The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3)(2000).

Moody asserts that the evidence did not establish that her possession was knowing. She claims that because she resided with a felon, that person could have been responsible for her unknowingly ingesting drugs. However, there is no evidence in the record supporting this inference. Instead, the evidence in the record supports that Moody knowingly possessed a controlled substance. We conclude the district court did not abuse its discretion in finding, by a preponderance of the evidence, that Moody violated a condition of her supervised release by possessing a controlled substance.

Finally, Moody contends that the district abused its discretion by admitting hearsay evidence without conducting an inquiry into the reliability of the evidence. Supervised release revocation hearings are informal proceedings in which the rules of

evidence need not be strictly observed.  Fed. R. Evid. 1101(d)(3) (excluding probation revocation hearings from proceedings governed by Federal Rules of Evidence).  Hearsay evidence is admissible in revocation proceedings if it is "demonstrably reliable."  United States v. McCallum, 677 F.2d 1024, 1026 (4th Cir. 1982).

Even assuming the probation officer's testimony recounting Moody's statements to the treatment provider was not "demonstrably reliable," any error was harmless. Moody did not actually contest that fact that she violated a condition of release by not participating in a six-month treatment program.  She merely offered an alternative explanation for her noncompliance. Moreover, under the U. S. Sentencing Guidelines Manual ("USSG") § 7B1.1, violations of supervised release are classified into three grades--Grades A, B and C.  Simple possession is a Grade B violation.  USSG §§ 7B1.1, 4B1.2(b).  Once a Grade B violation has been established, the court must revoke supervised release.  See USSG §§ 7B1.1, 7B1.3; 18 U.S.C. § 3583(e)(3) (2000).  Because revocation of supervised release was mandatory based on the court's finding that Moody possessed a controlled substance, any arguable error in connection with the evidence admitted in support of the other violation was harmless.

For these reasons, we affirm the district court's order revoking supervised release and sentencing Moody to twenty-four months of imprisonment.  We dispense with oral argument because the

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED