**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4541**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

WAYNE A. VANCE,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Norman K. Moon, District Judge. (6:08-cr-00001-nkm-1)

———————

Submitted: September 16, 2008    Decided: September 18, 2008

———————

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Larry W. Shelton, Federal Public Defender, Randy V. Cargill, Assistant Federal Public Defender, Roanoke, Virginia, for Appellant. Julia C. Dudley, Acting United States Attorney, Steven R. Ramseyer, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wayne A. Vance appeals from the district court's order revoking his supervised release and sentencing him to twenty-four months imprisonment after finding by a preponderance of the evidence that Vance violated the terms of his supervised release by committing domestic assault on his wife.  Vance challenges the revocation, contending that he was denied the right to confront the witness against him in violation of the Fifth and Sixth Amendments when, after his wife invoked the marital privilege, the court admitted hearsay statements made by Vance's wife concerning the assault.  We affirm.

In Crawford v. Washington, 541 U.S. 36 (2004), the Supreme Court held that the Sixth Amendment's Confrontation Clause does not permit the introduction of out-of-court testimonial evidence unless the witness is unavailable and the defendant has had a prior opportunity for cross-examination.  541 U.S. at 68. Vance asserts that, under this ruling, he was entitled to confront the witness against him at the revocation hearing.  The Crawford holding does not apply to supervised release revocations because they are not "criminal prosecutions" under the Sixth Amendment. See United States v. Kelley, 446 F.3d 688, 691-92 (7th Cir. 2006); United States v. Rondeau, 430 F.3d 44, 47-48 (1st Cir. 2005).

The district court's decision to admit hearsay evidence is reviewed for abuse of discretion.  See United States v. Mohr,

318 F.3d 613, 618 (4th Cir. 2003). Hearsay evidence must be "demonstrably reliable" to be admissible. <u>United States v. McCallum</u>, 677 F.2d 1024, 1026 (4th Cir. 1982). We have reviewed the parties' briefs and the materials submitted in the joint appendix, particularly the transcript of the hearing. We conclude that the hearsay evidence was sufficiently reliable and therefore the court did not abuse its discretion in admitting the evidence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>