

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2009

# USA v. Felicia Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2957

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Felicia Thomas" (2009). *2009 Decisions.* Paper 1172.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1172

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-2957

———————

UNITED STATES OF AMERICA

v.

FELICIA THOMAS,

Appellant.

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 1-05-cr-00444-02)
District Judge:  Hon. Sylvia H. Rambo

———————

Submitted under Third Circuit LAR 34.1(a)
on March 3, 2009

Before: BARRY, WEIS and ROTH, <u>Circuit Judges</u>

(Opinion filed: June 18, 2009 )

———————

O P I N I O N

———————

**ROTH**, <u>Circuit Judge</u>:

The District Court found that Felicia Thomas had violated the terms of her

supervised release.  She appealed.  The District Court had jurisdiction pursuant to 18

U.S.C. § 3583.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We review the District Court's decision to revoke supervised release for abuse of discretion.  *United States v. Maloney*, 513 F.3d 350, 354 (3d Cir. 2008).  We will affirm.

We assume the parties' familiarity with the facts and the record of prior proceedings, which we describe only as necessary to explain our decision.

Thomas contends that the District Court erred by admitting hearsay regarding two toxicology reports that concluded that she had used marijuana on multiple occasions during her supervised release period.  Thomas did not object to the reports themselves being admitted and appears to concede, on appeal, that they were admissible under the relaxed evidentiary standards of revocation proceedings; *see United States v. McCallum*, 677 F.2d 1024, 1026 (4th Cir. 1982), *cited with approval in United States v. Loy*, 237 F.3d 251, 260 (3d Cir. 2001).  Rather, she complains that testimony offered by the probation officer regarding her conversations with the toxicologists was improper because the officer could not adequately explain the toxicologists' methodology.  Had the toxicologists themselves testified, Thomas contends, she could have discredited their methodology and offered alternative explanations for the positive results.

Thomas's arguments are misplaced because the reports alone were sufficient to establish a violation.  *See United States v. Gordon*, 961 F.2d 426, 429 (3d Cir. 1992) (noting that, while "drug use indicated by urinalysis is only circumstantial evidence of

2

drug possession," it is sufficient to establish a violation because "a court can revoke probation when it is reasonably satisfied that the probation conditions have been violated, without the government being required to present proof beyond a reasonable doubt that the defendant committed the alleged acts"). Moreover, Thomas was given sufficient notice of the proceedings and the opinions contained in the toxicology reports. If she had wanted to bring experts to offer alternative explanations for the positive test results, she could have done so.

Accordingly, we will affirm the judgment of the District Court.