**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4630**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

MARIO NEIL MURPHY,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Martin K. Reidinger, District Judge.  (3:01-cr-00115-MR-1)

Submitted:  June 29, 2009         Decided:  July 16, 2009

Before TRAXLER, Chief Judge, and KING and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David L. Hitchens, LAW OFFICE OF DAVID L. HITCHENS, PLLC, Charlotte, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Cortney Escaravage, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mario Neil Murphy appeals the district court's judgment revoking his supervised release and sentencing him to eighteen months' imprisonment followed by a three-year term of supervised release. On appeal, Murphy challenges the revocation, maintaining that the district court erred in admitting unreliable hearsay statements and that the court's findings were insufficient to support the revocation. Finding no reversible error, we affirm.

Murphy first argues that the district court admitted unreliable hearsay testimony. Specifically, he asserts that the district court erred in admitting hearsay statements of Shawn Harris, the alleged victim, through the testimony of police officers when the Government failed to show the evidence was reliable and failed to show a need to present hearsay evidence instead of a live witness. In this regard, Murphy further maintains that the district court failed to balance Murphy's right to confrontation against the Government's good cause to deny the right. Murphy claims that, aside from the hearsay testimony, there was no evidence presented that he was involved in the robbery. The Government responds that the statements were admissible hearsay because they qualified as excited utterances and, in any event, the statements had substantial indicia of reliability.

2

The district court's decision to admit hearsay evidence is reviewed for abuse of discretion. See United States v. Mohr, 318 F.3d 613, 618 (4th Cir. 2003). Supervised release revocation hearings are informal proceedings in which the rules of evidence need not be strictly observed. Fed. R. Evid. 1101(d)(3). While the Federal Rules of Evidence regarding hearsay do not apply at a supervised release revocation hearing, a defendant is still afforded some confrontation rights in a revocation proceeding. In Morrissey v. Brewer, 408 U.S. 471 (1972), the Supreme Court held that a defendant must receive a fair and meaningful opportunity to refute or impeach evidence against him "to assure that the findings of a parole violation will be based on verified facts." Id. at 484. Among the defendant's rights in a parole revocation context is "the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)." Id. at 489; see also Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (extending Morrissey rights to probationers). The due process requirements recognized in Morrissey are incorporated in Fed. R. Crim. P. 32.1(a)(2), which is applicable to supervised release revocation proceedings.

We have held that a showing that the hearsay evidence is "demonstrably reliable" is sufficient to satisfy the requirements of Rule 32.1. United States v. McCallum, 677 F.2d

3

1024, 1026 (4th Cir. 1982). We have reviewed the parties' briefs and the materials submitted in the joint appendix, particularly the transcript of the revocation hearing, and conclude that the hearsay evidence was sufficiently reliable. Therefore, the district court did not abuse its discretion in admitting the evidence.

Last, Murphy argues that the district court's findings were insufficient to support the revocation of his supervised release. This court reviews the district court's revocation of supervised release for abuse of discretion. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006). We review for clear error factual determinations underlying the conclusion that a violation occurred. United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003); United States v. Whalen, 82 F.3d 528, 532 (1st Cir. 1996). After reviewing the record, we conclude the district court's finding that Murphy committed the violations alleged in the petition is sufficiently supported. Therefore, the court properly revoked Murphy's supervised release.

This court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not plainly unreasonable. United

4

States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). Murphy does not challenge the specific sentence imposed by the district court upon revocation of supervise release, and therefore, he has waived that issue.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED