**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 09-4258**

───────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

CARLOS QUANTEL ROBINSON,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.   Frank D. Whitney,
District Judge.   (3:00-cr-00043-FDW-1)

───────────

Submitted:  January 20, 2010         Decided:  February 8, 2010

───────────

Before GREGORY, SHEDD, and AGEE, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Claire  J.  Rauscher,  Executive  Director,  Beth  Blackwood,
Charlotte, North Carolina; Matthew R. Segal, FEDERAL DEFENDERS
OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for
Appellant.   Edward R. Ryan, Acting United States Attorney, Amy
E.  Ray,  Assistant  United  States  Attorney,  Charlotte,  North
Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Quantel Robinson appeals the district court's judgment revoking his supervised release and sentencing him to thirty months in prison and six months of supervised release. On appeal, Robinson claims the district court erred in admitting hearsay testimony about the quantity of marijuana that he possessed. Finding no error, we affirm.

In 2000, Robinson pleaded guilty to conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006). He received a 120-month sentence, followed by three years of supervised release. In September 2008, about nine months after Robinson was released from prison, the U.S. Probation Office submitted a petition alleging Robinson had violated the terms of his supervision by committing new offenses. The petition, which followed an August 23, 2008 arrest, stated that Robinson had been charged with felony possession of marijuana (Violation One), possession with intent to distribute marijuana (Violation Two), fleeing and eluding arrest with a motor vehicle (Violation Three), and resisting a public officer (Violation Four). At the supervised release revocation hearing, Robinson admitted to Violations One and Three, and the Government dismissed Violation Four. Robinson contested only the second violation, claiming that he possessed marijuana only for personal use.

2

The district court's decision to admit hearsay evidence at a supervised release revocation hearing is reviewed for abuse of discretion. See United States v. Mohr, 318 F.3d 613, 618 (4th Cir. 2003). Supervised release revocation hearings are informal proceedings in which the rules of evidence need not be strictly observed. Fed. R. Evid. 1101(d)(3); United States v. McCallum, 677 F.2d 1024, 1026 (4th Cir. 1982). Thus, the hearsay nature of evidence does not render its admission error. Instead, the inquiry focuses on whether the evidence was sufficiently reliable. McCallum, 677 F.2d at 1026. Hearsay testimony may be shown to be reliable either by extrinsic corroborating evidence or indicia of reliability showing the statement to be inherently reliable. United States v. Huckins, 53 F.3d 276, 279 (9th Cir. 1995). However, a court may not admit unsubstantiated or unreliable hearsay as substantive evidence at a revocation hearing. Egerstaffer v. Israel, 726 F.2d 1231, 1235 (7th Cir. 1984); Crawford v. Jackson, 323 F.3d 123, 128 (D.C. Cir. 2003).

Here, Robinson admitted that he possessed marijuana, and the investigating officer testified about Robinson's behavior and how the marijuana was packaged. The only hearsay evidence at issue is the officer's testimony that the state lab report indicated Robinson possessed 188 grams of marijuana. Since the exact weight was not at issue, and the investigating

3

officer observed the drugs, we conclude that the district court did not err in allowing this testimony.

For the reasons stated above, we affirm the district court's judgment revoking Robinson's supervised release. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>