**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-6513**

─────────────

UNITED STATES OF AMERICA,

        Petitioner - Appellee,

    v.

JEFFREY ANDERSON,

        Respondent - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   W. Earl Britt, Senior District Judge.  (5:07-hc-02189-BR)

─────────────

Submitted:  February 19, 2010     Decided:  March 12, 2010

─────────────

Before GREGORY and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Jane E. Pearce, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, David T. Huband, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey Anderson, a federal inmate, appeals the district court's order revoking his conditional release and remanding him to the custody of the Attorney General pursuant to 18 U.S.C. § 4246(f) (2006). He contends that the revocation decision was based on hearsay evidence and that the evidence was insufficient to support the revocation of his conditional release. Because Anderson failed to raise either of these claims in the district court, we review the district court's revocation decision for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993). Finding no error, we affirm.

Anderson was committed to the custody and care of the Attorney General pursuant to 18 U.S.C. § 4246(d) (2006) for treatment in the Federal Medical Center in Butner, North Carolina ("FMC Butner"), after the district court found by clear and convincing evidence that Anderson was "presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another." See 18 U.S.C. § 4246(a) (2006). Based on the Warden of FMC Butner's certification that Anderson had recovered to such an extent that his conditional release under a regimen of care and treatment would no longer create a substantial risk of bodily injury to

2

another person or serious damage to the property of another, the district court ordered Anderson's release on a conditional release plan.

Several months after Anderson's conditional release, the United States Probation Office notified the district court that Anderson had failed to comply with the terms of his conditional release. The Government moved to revoke Anderson's conditional release. At the revocation hearing, the Government introduced into evidence without objection a letter from Anderson's probation officer detailing numerous violations of his conditional release. Seven arrest records referred to in the letter were also admitted without objection. Finding Anderson violated the terms and conditions of his conditional release and that his continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another, the district court revoked Anderson's conditional release and remanded him to the custody of the Attorney General. Anderson timely appealed, contending the district court erred in relying upon hearsay and double hearsay evidence contained in the probation officer's report. Anderson further asserted the district court failed to determine whether Anderson's continued release would pose a risk to society.

We may correct error that is both plain and prejudicial if such error "substantially affect[s] the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732. We find the hearsay evidence contained in the probation officer's letter bore several substantial indicia of reliability. See United States v. McCallum, 677 F.2d 1024, 1026 (4th Cir. 1982) (allowing admission of demonstrably reliable hearsay evidence in revocation proceeding). The probation officer's letter exhibited reliability as an official document prepared and presented in furtherance of her statutory and court-ordered duties as an officer of the court to supervise Anderson's conditional release. See 18 U.S.C. § 3603(8)(A), (B) (2006). Furthermore, the letter was reasonably factually detailed and was internally and externally corroborated by Anderson's own statements, statements by the director of Anderson's residential facility, arrest and conviction reports, and at least one lab report. Consequently, we find no plain error in the admission of the probation officer's letter.

We further find no plain error in the district court's determination that Anderson's continued release would pose a substantial risk of bodily injury to another or serious damage to the property of another. The evidence showed that Anderson verbally threatened the staff and residents at his residential facility, was arrested twice and convicted once for disturbing

4

the peace, was arrested for public intoxication, profane swearing, open container, and littering, missed appointments with his medical provider, failed to comply with his medication regimen, consumed alcohol and drugs, and was allegedly stabbed and exhibited suicidal ideations for which he was hospitalized. According to the probation officer, Anderson exhibited escalating non-compliant behavior and adjusted poorly to supervision. Furthermore, the probation officer opined Anderson's conditional release potentially placed "the community in a greater risk of harm."

Finding no plain error in the district court's decision to revoke Anderson's conditional release and remand him to the custody of the Attorney General for care and treatment, we affirm the district court's revocation order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5